ARBITRATION, CLOSED, RULE16, SCHEDO

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:07-cv-00456-KSH-PS

| | |
|---|---|
| CHEN et al v. ELMI et al | Date Filed: 01/24/2007 |
| Assigned to: Judge Katharine S. Hayden | Date Terminated: 04/30/2007 |
| Referred to: Magistrate Judge Patty Shwartz | Jury Demand: Both |
| Cause: 28:1441 Petition for Removal- Tort/Motor Vehicle ( | Nature of Suit: 350 Motor Vehicle |
| | Jurisdiction: Diversity |

**Plaintiff**

**YIMIN CHEN**                     represented by   **GEORGE F. HENDRICKS**
                                                    HENDRICKS & HENDRICKS, ESQS.
                                                    73 PATERSON STREET
                                                    NEW BRUNSWICK, NJ 08901
                                                    (732) 828-7800
                                                    Email: george@hendrickslaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**QINGMIAN LI**                    represented by   **GEORGE F. HENDRICKS**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ABDI HASSAN ELMI**

**Defendant**

**J.B. HUNT TRANSPORT, INC.**      represented by   **DELIA A. CLARK**
                                                    RAWLE & HENDERSON, LLP
                                                    TEN LAKE CENTER EXECUTIVE
                                                    PARK
                                                    401 ROUTE 73 NORTH
                                                    SUITE 204
                                                    MARLTON, NJ 08053
                                                    (856) 797-8910
                                                    Email: dclark@rawle.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-10**

**Defendant**

**ABC CORPORATION 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2007 | | CASE REFERRED to Arbitration. (dr, ) (Entered: 01/31/2007) |
| 01/24/2007 | 1 | NOTICE OF REMOVAL by J.B. HUNT TRANSPORT, INC. from SUPERIOR CT OF MIDDLESEX CTY, case number L-10184-06. ( Filing fee $ 359 receipt number 305770) (Attachments: # 1 EXH A# 2 DISCLOSURE STATEMENT)(dr, ) (Entered: 01/31/2007) |
| 02/07/2007 | 2 | *Defendant, J. B. Hunt Transport, Inc.'s,* ANSWER to Complaint with Jury Demand by J.B. HUNT TRANSPORT, INC..(CLARK, DELIA) (Entered: 02/07/2007) |
| 03/09/2007 | 3 | SCHEDULING ORDER IN AN ARBITRATION CASE setting Scheduling Conference for 4/9/2007 01:00 PM in Newark - Courtroom 10 before Magistrate Judge Patty Shwartz. Signed by Judge Patty Shwartz on 3/9/07. (aa, ) (Entered: 03/20/2007) |
| 04/06/2007 | 4 | MOTION to Transfer Case to US District Court for the District of Delaware *with Memorandum of Law* by J.B. HUNT TRANSPORT, INC.. (Attachments: # 1 Order# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C) (CLARK, DELIA) (Entered: 04/06/2007) |
| 04/09/2007 | | Set Deadlines as to 4 MOTION to Transfer Case to US District Court for the District of Delaware *with Memorandum of Law*. Motion Hearing set for 5/29/2007 before Judge Katharine S. Hayden. [PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT] (DD, ) (Entered: 04/09/2007) |
| 04/09/2007 | | Minute Entry for proceedings held before Judge Patty Shwartz : Scheduling Conference held on 4/9/2007. (aa, ) (Entered: 04/23/2007) |
| 04/10/2007 | 6 | SCHEDULING ORDER IN AN ARBITRATION CASE: Telephone Conference set for 6/13/2007 09:30 AM before Magistrate Judge Patty Shwartz.,Discovery due by 9/7/2007.. Signed by Judge Patty Shwartz on 4/10/2007. (mn, ) (Entered: 04/12/2007) |
| 04/11/2007 | 5 | SCHEDULING ORDER: Arbitration shall not commence before 8/22/2007; Telephone Conference set for 6/13/2007 09:30 AM before Magistrate Judge Patty Shwartz.,Discovery due by 9/7/2007.. Signed by Judge Patty Shwartz on 4/10/2007. (mn, ) (Entered: 04/11/2007) |
| 04/25/2007 | 7 | RESPONSE in Opposition re 4 MOTION to Transfer Case to US District Court for the District of Delaware *with Memorandum of Law* filed by QINGMIAN LI. (HENDRICKS, GEORGE) (Entered: 04/25/2007) |
| 04/30/2007 | 8 | ORDER granting 4 Motion to Transfer Case to DIST. OF DELAWARE. Signed by Judge Patty Shwartz on 4/27/07. (DD, ) (Entered: 04/30/2007) |

| 05/17/2007 | 9 | transmittal letter of transfer to the USDC FOR THE DIST. OF DELAWARE w/certified copy of Order & Docket entries. (DD, ) (Entered: 05/17/2007) |
|---|---|---|

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/22/2007 08:55:05 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-00456-KSH-PS Start date: 1/1/1970 End date: 5/22/2007 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YMIN CHEN and QINGMIAN LI,        :
        Plaintiffs,        :        CIVIL ACTION NO.:
        v.        :
HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, :
INC.,        :
        Defendants.        :

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Defendant, J.B. Hunt Transport, Inc., by and through its attorneys, Rawle & Henderson LLP, respectfully avers as follows:

1. Defendant, Hassan Abdi Elmi, at all material times, was and is a citizen of the State of Tennessee.

2. Defendant, J.B. Hunt Transport, Inc. is a duly formed corporation operating and existing under the laws of Georgia with its principal place of address located in Lowell, Arkansas.

3. Plaintiffs are residents and citizens of the State of New Jersey. See Plaintiffs' Complaint attached as Exhibit A.

4. Plaintiffs have commenced a civil action against the defendants in the Superior Court of New Jersey in and for Middlesex County. The Complaint, being the original process in this case, was first received by defendant, J.B. Hunt Transport, Inc., no earlier than January 11, 2007.

5. Upon information and belief, defendant, Hassan Abdi Elmi, has not been served with the Summons and Complaint to date.

6. The accident which is the subject matter of this litigation occurred in the State of Delaware.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In the Complaint, plaintiff, Yimin Chen, claims damages for, *inter alia*, the following:

> significant and permanent personal injuries, he suffered great pain and will in the future continue to suffer pain, he was and will be prevented from attending to his necessary affairs and business, he was compelled to expend large sums of money in an endeavor to cure his injuries and he lost wages.

See Exhibit A - plaintiffs' Complaint paragraph 4, Count I.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In the Complaint, plaintiff, Qingmian Li, claims damages for, *inter alia*, the following:

> significant and permanent personal injuries, she suffered great pain and will in the future continue to suffer pain, she was and will be prevented from attending to her necessary affairs and business, she was compelled to expend large sums of money in an endeavor to cure her injuries and she lost wages.

See Exhibit A - plaintiffs' Complaint Count II. paragraph 5.

9. Based upon a fair reading of the Complaint and plaintiffs' allegations of injuries, plaintiffs have set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, is in controversy.

10. This Notice of Removal was timely filed within thirty days of receipt of the information indicating the jurisdictional amount may be met pursuant to 28 U.S.C. §1446 (b).

11. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

> (a)     plaintiffs are citizens of the State of New Jersey; and
>
> (b)     defendants are not citizens of the State of New Jersey.

12. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

13.     The undersigned has been retained as counsel for defendant, Hassan Abdi Elmi, and he consents to this removal.

WHEREFORE, defendants, Hassan Abdi Elmi and J.B. Hunt Transport, Inc., prays that the above-captioned action now pending in the Superior Court of New Jersey in and for Middlesex County, Docket No. L-10184-06, be removed therefrom to This Honorable Court.

RAWLE & HENDERSON LLP

By:_____
        Jon Michael Dumont 1609
        Delia A. Clark, Esq.  6736
        Attorneys for Defendants
        40 Lake Center Executive Park
        401 Route 73 North, Suite 200
        Marlton, NJ 08053
        (856) 797-8910

Dated: January 24, 2007.

2004666-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid to:

George F. Hendricks
Hendricks & Hendricks
73 Patterson Street
New Brunswick, NJ 108901.


RAWLE & HENDERSON


By: _____
    Delia A. Clark
    Attorneys for Defendants


Dated: January 26, 2006

# EXHIBIT A

HENDRICKS & HENDRICKS
73 Patterson Street
New Brunswick, New Jersey 08901
(732) 828-7800
Attorney for Plaintiff

FILED & RECEIVED

| YIMIN CHEN and QINGMIAN LI, | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff, | LAW DIVISION |
| | MIDDLESEX COUNTY |
| vs. | CIVIL ACTION |
| HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, INC., JOHN DOES 1-10 and ABC CORPORATION 1-10, | DOCKET NO.: MID-L- 10184-06 |
| | COMPLAINT AND JURY DEMAND |
| Defendants. | |

Plaintiffs, Yimin Chen and Qingmian Li, residing at 4405 Riddle Court, in the

Township of Bridgewater, County of Somerset, and State of New Jersey, complaining of

defendants, says:

## FIRST COUNT

1. On or about August 4, 2005, the plaintiff, Yimin Chen, was lawfully operating his

motor vehicle northbound on US Route 95, and stopped for toll plaza traffic in the

County of New Castle, and State of Delaware.

2. At the aforesaid time and place, the defendant, Hassan Abdi Elmi, was the operator of

a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., which vehicle was

proceeding in the same direction directly behind the vehicle operated by plaintiff on

US Route 95 in County of New Castle, and State of Delaware.

3. The defendant, Hassan Abdi Elmi, carelessly and negligently operated said vehicle, to

wit: failed to make proper observations of traffic, thereby striking plaintiff's vehicle,

thereby causing serious injuries to the plaintiff.

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
N. BRUNSWICK, N.J. 08901

4.    As a result of the aforesaid carelessness and negligence of the defendant, Hassan Abdi
      Elmi, the plaintiff sustained significant and permanent personal injuries, he suffered
      great pain and will in the future continue to suffer pain, he was and will be prevented
      from attending to his necessary affairs and business, he was compelled to expend large
      sums of money in an endeavor to cure his injuries and he lost wages.

      WHEREFORE, plaintiff demands judgment against the defendant, Hassan Abdi Elmi,
for damages, together with interest and costs of suit.

## SECOND COUNT

1.    Plaintiff, Qingmian Li, repeats the allegations of the First Count and makes them a part
      hereof as though set forth at length herein.

2.    Plaintiff, Qingmian Li, was a passenger in the vehicle being lawfully operated by Plaintiff
      Yimin Chen, her husband.

3.    At the aforesaid time and place, the defendant, Hassan Abdi Elmi, was the operator of a
      motor vehicle owned by defendant, J.B. Hunt Transport, Inc., which vehicle was
      proceeding in the same direction directly behind the vehicle operated by plaintiff on US
      Route 95 in County of New Castle, and State of Delaware.

4.    The defendant, Hassan Abdi Elmi, carelessly and negligently operated said vehicle, to wit:
      failed to make proper observations of traffic, thereby striking plaintiff's vehicle, thereby
      causing serious injuries to the plaintiff.

5.    As a result of the aforesaid carelessness and negligence of the defendant, Hassan Abdi
      Elmi, the plaintiff sustained significant and permanent personal injuries, she suffered great
      pain and will in the future continue to suffer pain, she was and will be prevented from

ENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W BRUNSWICK, N.J. 08901

2

attending to her necessary affairs and business, she was compelled to expend large sums of money in an endeavor to cure her injuries and she lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, Hassan Abdi Elmi, for damages, together with interest and costs of suit.

## THIRD COUNT

1. Plaintiffs repeat the allegations of the First and Second Counts and make them a part hereof as though set forth at length herein.

2. The defendant, J.B. Hunt Transport, Inc., being authorized to operate and operating in the State of New Jersey, Middlesex County, was the owner of the vehicle being operated by defendant, Hassan Abdi Elmi, and it negligently entrusted the operation of said vehicle to him as its agent, servant and/or employee.

3. As a result of the aforesaid carelessness and negligence of the defendant, J.B. Hunt Transport, Inc., the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business, they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiffs demand judgment against the defendants, J.B. Hunt Transport, Inc. and Hassan Abdi Elmi, on this Count for damages, together with interest and costs of suit.

## FOURTH COUNT

1. Plaintiffs repeat and realleges each and every allegation contained in the First, Second and Third Counts of the within Complaint as if fully set forth herein.

3

2.    At the aforesaid time and place, the defendants, John Does 1-10, were the operators of motor vehicles which were a contributory factor to the motor vehicle accident herein referenced.

3.    As a result of the aforesaid carelessness and negligence of the defendants, John Does 1-10, the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business, they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, John Does 1-10, for damages, together with interest and costs of suit.

## FIFTH COUNT

1.    Plaintiffs repeat and realleges each and every allegation contained in the First, Second, Third and Fourth Counts of the within Complaint as if fully set forth herein.

2.    At the aforesaid time and place, the defendants, ABC Corporations 1-10, were the owners of motor vehicles which were a contributory factor to the motor vehicle accident herein referenced.

3.    As a result of the aforesaid carelessness and negligence of the defendants, ABC Corporations 1-10, the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business,

ENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W BRUNSWICK, N.J. 08901

4

they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, ABC Corporations 1-10, for damages, together with interest and costs of suit.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to the best of my knowledge, information and belief, our investigation and investigation on behalf of our client(s) has disclosed no other action pending concerning the subject matter of this Complaint in any Court or Arbitration proceeding nor has it disclosed any other persons who should be added as parties to this matter. In addition, as of this date, there are no actions contemplated which relate to this matter. If additional and continuing investigation reveals contrary facts, notice will immediately be given.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all issues herein.

HENDRICKS & HENDRICKS
Attorney for Plaintiff

BY: GEORGE F. HENDRICKS

Dated: December 18, 2006

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
75 PATERSON STREET
W BRUNSWICK, N.J. 08901

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF** NEW JERSEY

| | | |
|---|---|---|
| YMIN CHEN and QINGMIAN LI, | : | C.A. No. |
| Plaintiffs, | : | |
| v. | : | |
| HASSAN ABDI ELMI, J.B. HUNT | : | |
| TRANSPORT, | : | JURY TRIAL DEMANDED |
| INC., | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## DISCLOSURE STATEMENT FORM

Please check one box:

☐ The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒ The nongovernmental corporate party, J.B Hunt Transport, Inc. in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

J.B. Hunt Transport Services, Inc.

Date: JANUARY 24, 2007          Signature: _____

Counsel for: Defendant, J.B. Hunt Transport Inc.

2004966-1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YIMIN CHEN and QINGMIAN LI,      :

                                    :

           Plaintiffs,       :   CIVIL ACTION NO.:2:07-00456 (KSH)

            v.                 :

HASSAN ABDI ELMI, J.B. HUNT     :

TRANSPORT, INC., JOHN DOES 1-10  :

and ABC CORPORATION 1-10,     :    JURY TRIAL DEMANDED

                                      :

          Defendants.      :

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, J. B. Hunt Transport, Inc., by and through its counsel, Rawle & Henderson LLP, hereby answers plaintiffs' Complaint as follows:

### FIRST COUNT

1.     Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, plaintiff, Yimin Chen, drove a motor vehicle on US Route 95 northbound in New castle County, Delaware. The remaining averments contained in paragraph 1 of the First Count of the Complaint are denied and strict proof thereof is demanded at trial. By way of further answer, paragraph 1 of the First Count of the Complaint contains conclusions of law to which no responsive pleading is required.

2.     Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, defendant Elmi drove a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., on US Route 95 northbound in New Castle County, Delaware. The remaining averments contained in paragraph 2 of the First Count of the Complaint are denied and strict proof thereof is demanded at trial. By way of further answer, paragraph 2 of the First Count of the Complaint contains conclusions of law to which no responsive pleading is required.

2007514-1

3. Denied. Answering defendant denies any negligence or carelessness and demands strict proof thereof at trial. By way of further answer, the averments contained in paragraph 3 of the First Count of the Complaint are conclusions of law to which no response is required.

4. Denied. Answering defendant denies any negligence or carelessness and demands strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 4 of the First Count of the Complaint, and therefore, said averments are denied. By way of further answer, paragraph 4 of the First Count of the Complaint contains conclusions of law to which no response is required.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiff, Yimin Chen, dismissing plaintiff's Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>SECOND COUNT</u>

1. Answering defendant incorporates by reference its answers to all paragraphs in the First Count of the Complaint as though the same were set forth fully herein.

2. Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, plaintiff, Qingmian Li, was an occupant of a motor vehicle driven by plaintiff, Yimin Chen. The remaining averment contained in paragraph 2 of the Second Count of the Complaint is a conclusion of law to which no responsive pleading is required, and therefore, said averment is denied.

3.     Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, defendant Elmi drove a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., on US Route 95 northbound in New Castle County, Delaware. The remaining averments contained in paragraph 3 of the Second Count of the Complaint are denied and strict proof thereof is demanded at trial. By way of further answer, paragraph 3 of the Second Count of the Complaint contains conclusions of law to which no responsive pleading is required.

4.     Denied. Answering defendant denies any negligence or carelessness and demand strict proof thereof at trial. By way of further answer, the averments contained in paragraph 4 of the Second Count of the Complaint are conclusions of law to which no response is required.

5.     Denied. Answering defendant denies any negligence or carelessness and demand strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 5 of the Second Count of the Complaint, and therefore, said averments are denied. By way of further answer, paragraph 5 of the Second Count of the Complaint contains conclusions of law to which no response is required.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiff, Qingmian Li, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>THIRD COUNT</u>

1.     Answering defendant incorporates by reference its answers to all paragraphs in the First and Second Counts of the Complaint  as though the same were set forth fully herein.

2.      Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, defendant Elmi drove a motor vehicle owned by his employer, defendant, J.B. Hunt Transport, Inc. Answering defendant denies any negligence and demand strict proof thereof at trial. By way of further answer, paragraph 2 of the Third Count of the Complaint contains conclusions of law to which no responsive pleading is required.

3       Denied.  Answering defendant denies any negligence or carelessness and demand strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 3 of the Third Count of the Complaint, and therefore, said averments are denied. By way of further answer, paragraph 3 of the Third Count of the Complaint contains conclusions of law to which no response is required.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>FOURTH COUNT</u>

1.      Answering defendant incorporates by reference its answers to all paragraphs in the First, Second and Third Counts of the Complaint  as though the same were set forth fully herein.

2.      Denied. The averments contained in paragraph 2 of the Fourth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of further answer, this defendant has insufficient knowledge or information upon which to form a

belief as to the truth of the averments contained in paragraph 2 of the Fourth Count of the Complaint, and therefore, said averments are denied.

3.      Denied. The averments contained in paragraph 3 of the Fourth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of further answer, this defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 3 of the Fourth Count of the Complaint, and therefore, said averments are denied.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>FIFTH COUNT</u>

1.      Answering defendant incorporates by reference its answers to all paragraphs in the First, Second, Third and Fourth Counts of the Complaint  as though the same were set forth fully herein.

2.      Denied. The averments contained in paragraph 2 of the Fifth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of further answer, this defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 2 of the Fifth Count of the Complaint, and therefore, said averments are denied.

3.      Denied. The averments contained in paragraph 3 of the Fifth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of

further answer, this defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 3 of the Fifth Count of the Complaint, and therefore, said averments are denied.

WHEREFORE, defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering defendant did not breach any duty owed to plaintiffs.

### THIRD DEFENSE

Answering defendant avers that plaintiffs were guilty of contributory negligence.

### FOURTH DEFENSE

The injuries or damages sustained by plaintiffs, if any, were not actually or proximately caused by an act or omission on the part of the answering defendant.

### FIFTH DEFENSE

Plaintiffs' claims are barred or reduced in accordance with the applicable comparative negligence act.

### SIXTH DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by the intervening and superseding acts of third parties over whom answering defendant had no control.

### SEVENTH DEFENSE

Answering defendant, at all relevant times, acted with due care and complied with all requirements of applicable law.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of *res judicata*, collateral estoppel, waiver and/or the entire controversy doctrine.

### NINTH DEFENSE

Plaintiffs have failed to satisfy the requirements of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1-35, and pursuant thereto, plaintiffs' claims are limited or barred in their entirety.

### TENTH DEFENSE

Plaintiffs' claims are limited or barred in accordance with N.J.S.A. 39:6A-1 *et seq.* and/or any other applicable law regarding tort option selection.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWELFTH DEFENSE

Answering defendant was confronted with a sudden emergency and exercised all reasonable care under the circumstances.

### THIRTEENTH DEFENSE

Answering defendant is entitled to a credit/set off for any expenses paid by insurance or other third parties who are claimed as damages by the plaintiffs.

### FOURTEENTH DEFENSE

Pursuant to N.J.S.A. 2A:15-59-1, answering defendant demands all reasonable counsel fees and court costs to the extent that this is a frivolous law-suit.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred under the Doctrine of Avoidable Consequences.

## SIXTEENTH DEFENSE

This Court lacks jurisdiction over this defendant by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## SEVENTEENTH DEFENSE

Answering defendant asserts all defenses available to it pursuant to the terms of the applicable No-Fault Statute.

## EIGHTEENTH DEFENSE

Answering defendant adopts and incorporates by reference as if the same were set forth at length herein, all other affirmative defenses which have been or will be asserted by any other party in this action, except those which may contain allegations of liability against this defendant, to the extent that such defenses are applicable to said defendant.

## NINETEENTH DEFENSE

This Court lacks in *personam* jurisdiction over a defendant and answering defendant reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of personal jurisdiction and because this party is an indispensable party.

WHEREFORE, defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

## **RESERVATION OF DEFENSES**

Answering defendant reserves the right to assert any of the defenses, objections and/or claims that are or may in the future be warranted against any and all parties presently named and/or in the future to be named in the underlying controversy.

RAWLE & HENDERSON LLP

By:_____
     Jon Michael Dumont 1609
     Delia A. Clark, Esq.  6736
     Attorneys for Defendants
     40 Lake Center Executive Park
     401 Route 73 North, Suite 200
     Marlton, NJ 08053
     (856) 797-8910
     Attorneys for Defendant,
     J.B. Hunt Transport, Inc.

Dated: February 7, 2007

### CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Answer filed electronically was served electronically and via first-class mail, postage prepaid to:

George F. Hendricks
Hendricks & Hendricks
73 Patterson Street
New Brunswick, NJ  108901.


RAWLE & HENDERSON LLP


By:_____
          Jon Michael Dumont
          Delia A. Clark
          Attorneys for Defendant,
          J.B. Hunt Transport, Inc.


Dated: January 31, 2007

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|--|--|--|

YIMIN CHEN, et al.　　　　　　　　　：

　　　　　　Plaintiff(s),　　　　　：

　　　　　　　　　　　　　　　　：

　　-vs-　　　　　　　　　　　：　　　Civil Action No. 07-456(KSH)

　　　　　　　　　　　　　　　　：

ABDI HASSAN ELMI, et al.　　　　　：

　　　　　　　　　　　　　　　　：

　　　　　　　　　　　　　　　　：　　　**<u>SCHEDULING ORDER IN AN</u>**

　　　　　　Defendant(s),　　　　：　　　**<u>ARBITRATION CASE</u>**

　　　　　　　　　　　　　　　　：

---

TO:　　George F. Hendricks, Esq.　　　　　Delia A. Clark, Esq.
　　　　Hendricks & Hendricks, Esqs.　　　Rawle & Henderson, LLP
　　　　73 Paterson Street　　　　　　　　notified via electronic filing
　　　　New Brunswick, New Jersey 08901

**It is on this 9th day of March, 2007,**

**ORDERED THAT:**

(1)　　A scheduling conference shall be conducted before the undersigned at **1:00 P.M.**

on **April 9, 2007,** in Courtroom 10, U.S. Post Office & Courthouse Bldg., 2 Federal Square,

Newark, N.J. <u>See</u> Local Civil Rule 16.1(a)(1);

(2)　　Early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, the

parties shall immediately exchange the information described in Fed. R. Civ. P. 26(a)(1)(A)-(D)

without awaiting a discovery request;

(3)     At least fourteen (14) days prior to the conference scheduled herein, the parties shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned not later than 72 hours prior to the conference with the Court.  THE DISCOVERY PLAN SHALL BE IN THE FORM OF THE ATTACHED AND SHALL BE SUBMITTED JOINTLY;

(4)     The parties are directed to Local Civil Rule 26.1(d), which addresses "discovery of digital information including computer-based information," describes the obligations of counsel with regard to their clients' information management systems, and directs parties to "confer and attempt to agree on computer-based and other digital discovery matters;"

(5)     No formal discovery demands may issue pending the conference with the Court. Unless the parties stipulate otherwise or leave of Court is obtained, the case management order will limit the number of interrogatories, including subparts, to 25 and depositions that each party may seek to 10.  See Fed. R. Civ. P. 26(b), 26(d).

(6)     At the conference with the Court, all parties who are not appearing pro se must be represented by counsel who actually has full authority to bind their clients in all pretrial matters. Counsel shall also be prepared to discuss the merits of the case and have settlement authority.  Clients or persons with authority over the matter shall be available by telephone.  Local Civil Rule 16.1(a)(3);

(7)      At the conference scheduled herein, the Court will address scheduling of all motions. No motions shall be filed without prior leave of the Court.  If any motions have already been  filed, immediately advise the Court in writing regarding the nature of the motions and the present status of same;

(8)     Plaintiff(s) shall notify any party who hereafter enters an appearance of the conference scheduled herein and forward to that party a copy of this Order;

(9)     The Court has implemented an electronic case filing system for all documents filed with

the Clerk of Court. Beginning **January 31, 2005**, electronic case filing will be mandatory for all cases except those involving a pro se litigant. Orders will be electronically filed. Paper copies will be provided to pro se litigants. Registered counsel will be notified via email when an order is filed but are responsible for retrieving and reviewing the contents.

(10)    To register as an electronic filer, obtain on-line training, and review policies and procedures, contact the Clerk's Office or visit the website at pacer.njd.uscourts.gov. On-site training is also available and can be arranged by contacting 973-645-4439.

(11)    The parties shall advise the undersigned immediately if this action has been settled or terminated so that the above conference may be cancelled;

(12)    Failure to comply with the terms hereof may result in the imposition of sanctions;

(13)    Communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference; and

(14)    This action is subject to compulsory arbitration and you are directed to familiarize yourselves with the content of Local Civil Rule 201.


  s/Patty Shwartz_____
HON. PATTY SHWARTZ
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
| Plaintiff(s), | : |  |
| v. | : |  |
|  | : |  |
| Defendant(s). | : | JOINT DISCOVERY PLAN |

1.     For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number. In addition, the lead counsel on each side should bring a business card which contains his/her e-mail address to the Rule 16 Scheduling Conference.

_____

_____

_____

_____

_____

_____

_____

2.     (a) Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

_____

_____

_____

_____

(b) Is this a fee-shifting case?

Yes _____ No _____

_____If so, set forth legal authority.

_____

_____

3.      Has this action been:  Settled_____  Discontinued_____

        If so, has there been a Stipulation/Dismissal filed?

        Yes _____   No _____

4.      Have settlement discussions taken place?  Yes _____ No _____

        If so, when?_____
        (a)  What was plaintiff's last demand?

                (1)     Monetary demand:  $_____
                (2)     Non-monetary demand: _____
        (b)  What was defendant's last offer?

                (1)     Monetary offer: $_____
                (2)     Non-monetary offer:_____
_____
5.      Core discovery needed to be able to discuss settlement in a meaningful way:

        _____

_____

_____

6.      The parties [have _____ -have not _____] exchanged the information required by Fed. R.Civ. P.
        26(a)(1).  If not, state the reason therefor.

        _____

_____

_____

7.      Explain any problems in connection with completing the disclosures required by Fed. R.Civ. P.
        26(a)(1).

        _____

_____

_____

_____

8.     The parties [have _____ -have not _____] conducted discovery other than the above disclosures. If so, describe.

_____
_____

_____

9.     The parties [have _____ -have not _____] met pursuant to Fed. R. Civ. P. 26(f).

(a)  If not, state the reason therefor.

_____
_____
_____

(b)  If so, state the date of the meeting and the persons in attendance.

_____
_____
_____

10.     The following [is _____ -is not _____] a proposed joint discovery plan.

(a)     Discovery is needed on the following subjects:

_____
_____
_____

(b)     Discovery [should _____ -should not _____] be conducted in phases or be limited to particular issues.  Explain.

_____
_____

(c)     Maximum of _____ interrogatories by each party to each other party.

(d)     Maximum of _____ depositions to be taken by each party.

(e)     Plaintiff's expert report due on _____.

(f)     Defendant's expert report due on _____.

(g)     Motions to amend or to add parties to be filed by _____.

(h)     Dispositive motions to be served within _____ days of completion of discovery.

(i)     All discovery to be completed by _____.  (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond this deadline, please state the reason why and the proposed date for completion of expert discovery.)

(j)     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

_____

_____

_____

(k)     A pretrial conference may take place on _____.

11.     Do you anticipate any discovery problem(s)? Yes \_\_\_\_ No \_\_\_\_

If so, explain.

_____

_____

_____

_____

12.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions;  problems with out-of-state witnesses or documents, etc.)?  Yes \_\_\_\_\_ No \_\_\_\_\_

If so, explain.

_____

_____

_____

_____

_____

13.     State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

_____
_____
_____

14.    Is this case appropriate for bifurcation?  Yes _____ No _____

15.    An interim status/settlement conference (with clients in attendance), should be held during
       the month of _____, 200___.

16.    We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.


       _____          _____
       Attorneys for Plaintiff(s)                    Date


       _____          _____
       Attorneys for Defendant(s)                    Date

ALTERNATIVE DISPUTE RESOLUTION
IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


Mediation is the Alternative Dispute Resolution ( "ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1.  The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Ronald J. Hedges) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation.  This may be done without the consent of the parties.  However, the Court encourages parties to confer among themselves and consent to mediation.  Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that <u>must</u> be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.  However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial.  Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator.  If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental.  The role of the mediator is to assist the parties in reaching a resolution of their dispute.  The parties may confer with the mediator on an <u>ex parte</u> basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.  The first six hours of a mediator's time is free.  The mediator's hourly rate thereafter is $150.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site "pacer.njd.uscourts.gov" and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**

DNJ-Med-001 Rev. (10/00)

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YMIN CHEN and QINGMIAN Li,      :
           Plaintiffs,      :      Civ. No.07-456(KSH)
          v.      :
HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, :
INC.,      :
          Defendants.      :

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S
## MOTION TO TRANSFER VENUE

Defendant, J.B. Hunt Transport, Inc., by and through its attorneys, Rawle & Henderson

LLP, hereby moves for the transfer of this case to the District of Delaware pursuant to 28 U.S.C. §

1404(a), for the reasons set forth below and in the attached Memorandum of Law and Affidavit:

1.     Plaintiff commenced a civil action in the Superior Court of the State of New

Jersey in and for Middlesex County on or about December 21, 2006 seeking to recover damages

from defendants herein as a result of a motor vehicle accident.

2.     Defendant, J.B. Hunt Transport, Inc., was served with the Summons and

Complaint on January 11, 2007.

3.     Defendants filed a Notice of Removal on January 24, 2007.

4.     Plaintiffs are citizens of the State of New Jersey. (See Complaint attached as

exhibit "A".)

5.     Defendant, J.B. Hunt Transport, Inc., is a corporation duly formed and existing

under the laws of the State of Georgia with its principal place of business located in Lowell,

Arkansas. (See Exhibit "B")

6.     On August 4, 2005 and to the present, defendant Elmi was and is a citizen and

resident of the State of Tennessee.

2004817-1

7.     On the date of the accident at issue herein, August 5, 2005, defendant Elmi was an employee or agent of the defendant, J.B. Hunt Transport, Inc.

8.     Defendant, Elmi, is no longer employed by J.B. Hunt Transport, Inc.  Rather, he is employed by another entity at the present time.

9.     Moving defendant timely removed this suit to this Court. (See Exhibit "B" Defendants' Notice of Removal (without exhibits)). Simultaneously with the filing of this Motion, defendants have filed their Answer to the Complaint.

10.     As outlined in the Complaint, the accident occurred in New Castle, Delaware.

11.     Delaware State Police responded to the accident and prepared an incident report. See Exhibit "C" - Delaware Uniform Traffic Collision Report.

12.     According to the Police Report, there were two other vehicles involved in the collision, one driver was a resident/citizen of the State of New Jersey, and the other driver is a resident of the State of New York.   See Exhibit "C."

13.     The Delaware State Police conducted the investigation.  See Exhibit "C."

14.     Based upon information and belief, the initial care rendered to plaintiffs occurred in the State of Delaware.

15.     The investigating Delaware State Trooper, Emergency Ambulance personnel and hospital personnel may hold critical and additional pieces of evidence regarding this accident and the alleged damages arising there from.

16.     28 U.S.C. §1404(a) states as follows:

> For the convenience of parties and witnesses, in the interests of justice, the district court may transfer any civil action to any other district or division where it might have been brought.

2004817-1

17.     In both diversity and federal question cases, the Court must first look to the long-arm statute of the forum state to determine whether personal jurisdiction exists.

18.   New Jersey's long-arm statute permits a federal district court to exercise personal jurisdiction over a non-resident defendant to the extent permitted by the Fourteenth Amendment. Collins v. Phelan et al, (CIF Action No. 06-CV-1704 , J. Cavanaugh,) (July 6, 2006).  Plaintiff must establish the minimum contacts with the stated which does not offend "traditional notions of fair play and substantial justice.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n 819 F.2d 434, 436 (3rd Cir. 1987) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

19.     There is neither general jurisdiction nor specific jurisdiction over defendant Elmi. M. Eagles Tool Warehouse, Inc. Fisher Tooling Co.,  205 F. Supp. 2d 306, 312 n. 8 (D.N.J. 2002).

20.     A Court's jurisdiction over a non-resident defendant may arise either out of a specific connection that the defendant has with the forum state which has given rise to the plaintiff's cause of action ("specific jurisdiction") or out of substantial, continuous and systematic contact with the forum state ("general jurisdiction").  See, Eagles v. Linden Avionics, Inc., 706 F. Supp. 311, 323 (D.N.J. 1989) and Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n. 15(1985).

22.     Neither the Summons nor the Complaint set forth plaintiffs' basis for personal jurisdiction over defendant, Elmi.

23.     Since this accident did not occur in New Jersey, it does not appear plaintiffs can make a *prima facie* showing that personal jurisdiction as to defendant Elmi exists in New Jersey.

2004817-1

24. At all times relevant and material hereto, defendant Elmi was and is a resident and citizen of the State of Tennessee. (See Exhibit "B")

25. Elmi has no connections to the State of New Jersey in that he does not live in New Jersey; he neither owns, possess nor uses any property in New Jersey; he does not regularly transact and/or solicit business in the State of New Jersey; and he does not engage in any consistent course of conduct in the State of New Jersey.

26. Elmi performs no actions which would cause him to expect to have a legal action brought against him in the State of New Jersey.

27. Accordingly, Elmi meets none of the requirements of New Jersey's long-arm statute to convey personal jurisdiction over him in New Jersey, and therefore, this Court has no personal jurisdiction over Elmi.

28. With respect to venue, 28 U.S.C. §1391 states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated." See also, Collins v. Phelan, supra.

29. Further, when the court finds that there is no basis for jurisdiction the court pursuant to 28 U.S.C. §1691 shall transfer the action to ....any "other such court in which the action....could have been brought." The Third Circuit ruled that "a district court lacking personal jurisdiction can transfer a case to a district in which the case" could have been initiated. Gehling v. St. George's School of Medicine, 773 F.2d 539, 542 (3d Cir. 1985).

30. Generally, deference is given to plaintiffs' forum selection. However, if private and public interests point to an alternative forum then the matter will be transferred. When faced with dismissal for lack of personal jurisdiction or transferring, the interests "of justice dictate

2004817-1

transfer is appropriate under §1631. <u>Exton v. Our Farm , Inc.,</u> 943 F. Supp. 432, 441 (D.N.J. 1996) *citing*, <u>Goldlawr v. Heiman</u>, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed. 2d 39 (1962)

31.     The District of Delaware is the judicial district in which all of the events or omissions giving rise to the claim occurred (the accident).  As such, the District of Delaware is the proper forum for this case.

32.     Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value.  *See* <u>Dunn v. Soo Line Railroad Co.</u>, 864 F.Supp. 64, 65 (N.D.Ill. 1994).

33.     Critical discoverable documents, e.g. medical records, the police investigation, and the like, are located in the District of Delaware.

34.     All or most of the pertinent witnesses are located in Delaware or in other jurisdictions.

35.     Transfer to the District of Delaware would give the court jurisdiction over any third parties and indispensable parties.

36.     Plaintiff will suffer no undue prejudice by pursuing his claim in the District of Delaware.

WHEREFORE, defendant, J.B. Hunt Transport, Inc., respectfully requests that this Honorable Court transfer this case to the District of Delaware.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: _____
      Jon Michael Dumont 1609
      Delia A. Clark  6837
      Attorneys for Defendant,
      J.B. Hunt Transport, Inc.
      40 Lake Center Executive Park, Suite 200
      401 Route 73 North
      Marlton, NJ 08053
      856-596-4800

Dated: April 6, 2007.

2004817-1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YMIN CHEN and QINGMIAN Li,      :
        Plaintiffs      :      Civ. No.07-456(KSH)
        v.      :
HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, :
INC.,      :
        Defendants.      :

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TRANSFER VENUE

Defendant, J.B. Hunt Transport, Inc., by and through its attorneys, Rawle & Henderson LLP, hereby submits the following memorandum of law in support of its Motion to Transfer Venue of this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a):

## I.    **STATEMENT OF FACTS**

Plaintiff commenced a civil action in the Superior Court of the State of New Jersey in and for Middlesex County on or about December 21, 2006 to recover damages from defendants herein as a result of a motor vehicle accident. Defendant, J.B. Hunt Transport, Inc., was served the Complaint on January 11, 2007. Defendants filed a Notice of Removal on January 24, 2007. Plaintiffs are citizens of the State of New Jersey.(See Complaint attached as exhibit "A".)

On August 4, 2005 and to the present defendant, Elmi, is a citizen and resident of the State of Tennessee. On the date of the subject accident, August 5, 2005, Elmi was an employee or agent of the defendant, J.B. Hunt Transport, Inc. However, he is no longer employed by J.B. Hunt Transport, Inc. at the present time. Defendant, J.B. Hunt Transport, Inc., is a corporation duly formed and existing under the laws of the State of Georgia with its principal place of business located in Lowell, Arkansas. (See Exhibit "B")

2004817-1

Moving defendant timely removed this action to this Court. (See Exhibit "B" Defendants' Notice of Removal (without exhibits)). Simultaneously with the filing of this Motion, Defendant is filing its Answer to the Complaint.

As outlined in the Complaint, the accident occurred in New Castle, Delaware. The Delaware State Police responded to the accident and prepared an incident report. See Exhibit "C" - Delaware Uniform Traffic Collision Report. According to the Police Report, there were two other vehicles involved in the collision, one driver was a resident/citizen of the State of New Jersey, and the other driver is a resident of the State of New York. See Exhibit "C." The Delaware State Police conducted the investigation. See Exhibit "C." Based upon information and belief, the initial care rendered to plaintiffs occurred in the State of Delaware. The investigating Delaware State Trooper, Emergency Ambulance personnel and hospital personnel may hold critical and additional pieces of evidence regarding this accident.

## II.   **LEGAL ARGUMENT**

In both diversity and federal question cases, the Court must first look to the long-arm statute of the forum state to determine whether personal jurisdiction exists.

New Jersey's long-arm statute permits a federal district court to exercise personal jurisdiction over a non-resident defendant to the extent permitted by the Fourteenth Amendment. Collins v. Phelan et al, (CIF Action No. 06-CV-1704 , J. Cavanaugh,) (July 6, 2006). Plaintiff must establish the minimum contacts with the stated which does not offend "traditional notions of fair play and substantial justice. Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n 819 F.2d 434, 436 (3rd Cir. 1987) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). There is neither general jurisdiction nor specific jurisdiction over defendant Elmi.

2004817-1

M. Eagles Tool Warehouse, Inc. Fisher Tooling Co., 205 F. Supp. 2d 306, 312 n. 8 (D.N.J. 2002).

A Court's jurisdiction over a non-resident defendant may arise either out of a specific connection that the defendant has with the forum state which has given rise to the plaintiff's cause of action ("specific jurisdiction") or out of substantial, continuous and systematic contact with the forum state ("general jurisdiction"). See, Eagles v. Linden Avionics, Inc., 706 F. Supp. 311, 323 (D.N.J. 1989) and Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n. 15(1985).

Neither the Summons nor the Complaint set forth plaintiffs' basis for personal jurisdiction over defendant, Elmi. Since this accident did not occur in New Jersey, it does not appear plaintiffs can make a *prima facie* showing that personal jurisdiction as to defendant Elmi exists in New Jersey.

At all times relevant and material hereto, defendant Elmi was and is a resident and citizen of the State of Tennessee. (See Exhibit "C") Elmi has no connections to the State of New Jersey in that he does not live in New Jersey; he neither owns, possess nor uses any property in New Jersey; he does not regularly transact and/or solicit business in the State of New Jersey; and he does not engage in any consistent course of conduct in the State of New Jersey. Elmi performs no actions which would cause him to expect to have a legal action brought against him in the State of New Jersey.

Accordingly, Elmi meets none of the requirements of New Jersey's long-arm statute to convey personal jurisdiction over him in New Jersey, and therefore, this Court has no personal jurisdiction over Elmi.

With respect to venue, 28 U.S.C. §1391 states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

2004817-1

occurred, or a substantial part of property that is subject of the action is situated." See also, Collins v. Phelan, supra.

Further, when the court finds that there is no basis for jurisdiction the court pursuant to 28 U.S.C. §1691 shall transfer the action to ….any "other such court in which the action….could have been brought." The Third Circuit ruled that "a district court lacking personal jurisdiction can transfer a case to a district in which the case" could have been initiated. Gehling v. St. George's School of Medicine, 773 F.2d 539, 542 (3d Cir. 1985). Generally, deference is given to plaintiffs' forum selection. However, if private and public interests point to an alternative forum then the matter will be transferred. When faced with dismissal for lack of personal jurisdiction or transferring, the interests "of justice dictate transfer is appropriate under §1631. Exton v. Our Farm, Inc., 943 F. Supp. 432, 441 (D.N.J. 1996) citing, Goldlawr v. Heiman, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed. 2d 39 (1962)

The District of Delaware is the judicial district in which all of the events or omissions giving rise to the claim occurred (the accident). As such, the District of Delaware is the proper forum for this case. Where none of the conduct complained of occurred in the forum selected by plaintiff, as in the instant litigation, plaintiff's preference has minimal value. See Dunn v. Soo Line Railroad Co., 864 F.Supp. 64, 65 (N.D.Ill. 1994).

Critical discoverable documents, e.g. medical records, the police investigation, and the like, are located in the District of Delaware. All or most of the pertinent witnesses are located in Delaware or in other jurisdictions. Transfer to the District of Delaware would give the court jurisdiction over any third parties and indispensable parties. Plaintiff will suffer no undue prejudice by pursuing his claim in the District of Delaware.

2004817-1

**III.** **CONCLUSION**

WHEREFORE, for the foregoing reasons defendant, J.B. Hunt Transport, Inc., respectfully requests that this Honorable Court transfer this case to the District of Delaware.

Respectfully submitted,

RAWLE & HENDERSON LLP

By:_____
       Jon Michael Dumont 1609
       Delia A. Clark  6837
       Attorneys for Defendant,
       J.B. Hunt Transport, Inc.
       40 Lake Center Executive Park, Suite 200
       401 Route 73 North
       Marlton, NJ 08053
       856-596-4800

Dated: April 6, 2007.

2004817-1

## CERTIFICATE OF SERVICE

The undersigned, hereby affirms that the foregoing Motion to Transfer was filed electronically and served on the below listed counsel via first-class mail, postage pre-paid this 6th day of April, 2007

George F. Hendricks, Esq.
Hendricks & Hendricks
73 Patterson Street
New Brunswick, NJ  108901

By: _____
        Delia A. Clark
        Attorneys for Defendant,
        J.B. Hunt Transport, Inc.

2004817-1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YMIN CHEN and QINGMIAN Li,       :
          Plaintiffs,     :      Civ. No.07-456(KSH)
      v.           :
HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, :
INC.,                :
       Defendants.    :

## <u>ORDER</u>

AND NOW, this      day of           , 2007, upon consideration of defendant, J.B. Hunt Transport, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and any response thereto, it is hereby ORDERED AND DECREED that said Motion is GRANTED, and this case is hereby transferred to the United States District Court for the District of Delaware.

BY THE COURT:

_____
                                   J.

EXHIBIT A

**HENDRICKS & HENDRICKS**
73 Patterson Street
New Brunswick, New Jersey 08901
(732) 828-7800
Attorney for Plaintiff

YIMIN CHEN and QINGMIAN LI,

        Plaintiff,

      vs.

HASSAN ABDI ELMI, J.B. HUNT
TRANSPORT, INC., JOHN DOES 1-10
and ABC CORPORATION 1-10,

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY

CIVIL ACTION

DOCKET NO.: MID-L- 10184-06

COMPLAINT AND JURY DEMAND

FILED & RECEIVED

    Plaintiffs, Yimin Chen and Qingmian Li, residing at 4405 Riddle Court, in the Township of Bridgewater, County of Somerset, and State of New Jersey, complaining of defendants, says:

## FIRST COUNT

1.    On or about August 4, 2005, the plaintiff, Yimin Chen, was lawfully operating his motor vehicle northbound on US Route 95, and stopped for toll plaza traffic in the County of New Castle, and State of Delaware.

2.    At the aforesaid time and place, the defendant, Hassan Abdi Elmi, was the operator of a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., which vehicle was proceeding in the same direction directly behind the vehicle operated by plaintiff on US Route 95 in County of New Castle, and State of Delaware.

3.    The defendant, Hassan Abdi Elmi, carelessly and negligently operated said vehicle, to wit: failed to make proper observations of traffic, thereby striking plaintiff's vehicle, thereby causing serious injuries to the plaintiff.

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
N BRUNSWICK, N.J. 08901

4. As a result of the aforesaid carelessness and negligence of the defendant, Hassan Abdi Elmi, the plaintiff sustained significant and permanent personal injuries, he suffered great pain and will in the future continue to suffer pain, he was and will be prevented from attending to his necessary affairs and business, he was compelled to expend large sums of money in an endeavor to cure his injuries and he lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, Hassan Abdi Elmi, for damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Qingmian Li, repeats the allegations of the First Count and makes them a part hereof as though set forth at length herein.

2. Plaintiff, Qingmian Li, was a passenger in the vehicle being lawfully operated by Plaintiff Yimin Chen, her husband.

3. At the aforesaid time and place, the defendant, Hassan Abdi Elmi, was the operator of a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., which vehicle was proceeding in the same direction directly behind the vehicle operated by plaintiff on US Route 95 in County of New Castle, and State of Delaware.

4. The defendant, Hassan Abdi Elmi, carelessly and negligently operated said vehicle, to wit: failed to make proper observations of traffic, thereby striking plaintiff's vehicle, thereby causing serious injuries to the plaintiff.

5. As a result of the aforesaid carelessness and negligence of the defendant, Hassan Abdi Elmi, the plaintiff sustained significant and permanent personal injuries, she suffered great pain and will in the future continue to suffer pain, she was and will be prevented from

attending to her necessary affairs and business, she was compelled to expend large sums of money in an endeavor to cure her injuries and she lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, Hassan Abdi Elmi, for damages, together with interest and costs of suit.

## THIRD COUNT

1.  Plaintiffs repeat the allegations of the First and Second Counts and make them a part hereof as though set forth at length herein.

2.  The defendant, J.B. Hunt Transport, Inc., being authorized to operate and operating in the State of New Jersey, Middlesex County, was the owner of the vehicle being operated by defendant, Hassan Abdi Elmi, and it negligently entrusted the operation of said vehicle to him as its agent, servant and/or employee.

3.  As a result of the aforesaid carelessness and negligence of the defendant, J.B. Hunt Transport, Inc., the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business, they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiffs demand judgment against the defendants, J.B. Hunt Transport, Inc. and Hassan Abdi Elmi, on this Count for damages, together with interest and costs of suit.

## FOURTH COUNT

1.  Plaintiffs repeat and realleges each and every allegation contained in the First, Second and Third Counts of the within Complaint as if fully set forth herein.

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W BRUNSWICK, N.J. 08901

3

2.     At the aforesaid time and place, the defendants, John Does 1-10, were the operators of motor vehicles which were a contributory factor to the motor vehicle accident herein referenced.

3.     As a result of the aforesaid carelessness and negligence of the defendants, John Does 1-10, the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business, they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, John Does 1-10, for damages, together with interest and costs of suit.

## FIFTH COUNT

1. Plaintiffs repeat and realleges each and every allegation contained in the First, Second, Third and Fourth Counts of the within Complaint as if fully set forth herein.

2. At the aforesaid time and place, the defendants, ABC Corporations 1-10, were the owners of motor vehicles which were a contributory factor to the motor vehicle accident herein referenced.

3. As a result of the aforesaid carelessness and negligence of the defendants, ABC Corporations 1-10, the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business,

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W. BRUNSWICK, N.J. 08901

4

they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, ABC Corporations 1-10, for damages, together with interest and costs of suit.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to the best of my knowledge, information and belief, our investigation and investigation on behalf of our client(s) has disclosed no other action pending concerning the subject matter of this Complaint in any Court or Arbitration proceeding nor has it disclosed any other persons who should be added as parties to this matter. In addition, as of this date, there are no actions contemplated which relate to this matter. If additional and continuing investigation reveals contrary facts, notice will immediately be given.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all issues herein.

HENDRICKS & HENDRICKS
Attorney for Plaintiff

BY: _____
GEORGE F. HENDRICKS

Dated: December 18, 2006

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W BRUNSWICK, N.J. 08901

5

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal Pursuant to 28 U.S.C. §1446(d) was served via first-class mail, postage prepaid to:

George F. Hendricks
Hendricks &Hendricks
73 Patterson Street
New Brunswick, NJ  108901.

RAWLE & HENDERSON

By: _____
Delia A. Clark
Attorneys for Defendant, J.B. Hunt
Transport, Inc.

Dated: January 31 , 2007

**EXHIBIT B**

JS 44 Rev 3/99

# CIVIL COVER SHEET

The JS-120
44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
YIMIN CHEN and QINGMIAN Li

**(b)** County Of Residence Of First Listed Plaintiff  Somerset County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, And Telephone Number)
George F. Hendricks
Hendricks & hendricks
73 Patterson Street
New Brunswick, NJ  108901
(732)828-7800

## DEFENDANTS
HASSAN ABDI ELMI and J.B. HUNT TRANSPORT, INC..

County Of Residence Of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Jon Michael Dumont
Delia A. Clark, Esq.
RAWLE & HENDERSON, LLP
401 Route 73 North, Suite 200
Marlton, NJ 08053

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question
(U.S. Government Not a Party)

☒ 4. Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
For diversity cases only
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated or Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28  USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury-- Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal  28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury-- Product Liability | ☐625 Drug Related Seizure of Property 21, USC | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers' Liability | | ☐640 R.R. & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL INJURY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| | | ☐371 Truth in Lending | ☐690 Other | | ☐850 Securities/Commodities/ Exchange |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☒350 Motor Vehicle | ☐380 Other Personal Property Damage | | | ☐875 Customer Challenge 12 USC 3410 |
| ☐160 Stockholder's Suits | ☐355 Motor Vehicle Product Liability | ☐385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐891 Agricultural Acts |
| ☐190 Other Contract | ☐360 Other Personal Injury | | ☐710 Fair Labor Standards Act | ☐861 HIA (1395FF) | ☐892 Economic Stabilization Act |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung (923) | ☐893 Environmental Matters |
| | | | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐863 DIWC/ DIWW(405(g)) | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motions to Vacate Sentence | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | *HABEAS CORPUS:* | ☐791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing/ Accommodations | ☐530 General | | ☐870 Taxes | ☐890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty | | ☐871 IRS – Third Party 20 USC 7609 | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐540 Mandamus & Other | | | |
| ☐290 All Other Real Property | | ☐550 Civil Rights | | | |
| | | ☐555 Prison Condition | | | |

## V. ORIGIN      (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite The  U.S. Civil Statute Under Which You Are Filing And Write A Brief Statement Of Cause)
Do Not Cite Jurisdictional Statutes Unless Diversity) Diversity of Citzenship pursuant to 28 U.S.C §1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER  F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)

DOCKET NUMBER

DATE:   JANUARY 24, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT $_____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE_____

RAWLE & HENDERSON, LLP
by: Delia A. Clark, Esquire
Ten Lake Center Executive Park
Suite 204, 401 Route 73 North
Marlton, NJ 08053

N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

07 FEB -6  AM 9: 59

FILED & RECEIVED

Attorneys for Defendant, J.B. hunt transport, Inc.

| YMIN CHEN and QINGMIAN Li | : | SUPERIOR COURT OF NEW JERSEY |
|---|---|---|

YMIN CHEN and QINGMIAN Li          :     SUPERIOR COURT OF NEW JERSEY
                                   :     LAW DIVISION
                                   :     MIDDLESEX COUNTY
                                   :     DOCKET NO.: MID-L-10184-06
                                   :
                                   :
              v.                   :
                                   :
HASSAN ABDI ELMI AND               :
J.B. HUNT TRNASPORT, ET AL         :     **NOTICE OF REMOVAL TO FEDERAL**
                                   :     **COURT PURSUANT TO 28 U.S.C**
                                   :     **§ 1446(D)**
                                   :

**TO THE CLERK OF THE COURT:**

Pursuant to 28 U.S.C. § 1446(d), defendant, J.B. Hunt Transport, Inc, file herewith a

copy of the Notice of Removal which has been filed in the United States District Court for the

District of New Jersey.

RAWLE & HENDERSON, LLP

By: _____

Delia A. Clark

2004972-1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YMIN CHEN and QINGMIAN LI,  :
               Plaintiffs,  :      CIVIL ACTION NO.:

         v.  :      **2:07-cv-456**

HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, :
INC.,

              Defendants.  :

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Defendant, J.B. Hunt Transport, Inc., by and through its attorneys, Rawle & Henderson LLP, respectfully avers as follows:

1.    Defendant, Hassan Abdi Elmi, at all material times, was and is a citizen of the State of Tennessee.

2.    Defendant, J.B. Hunt Transport, Inc. is a duly formed corporation operating and existing under the laws of Georgia with its principal place of address located in Lowell, Arkansas.

3.    Plaintiffs are residents and citizens of the State of New Jersey. See Plaintiffs' Complaint attached as Exhibit A.

4.    Plaintiffs have commenced a civil action against the defendants in the Superior Court of New Jersey in and for Middlesex County. The Complaint, being the original process in this case, was first received by defendant, J.B. Hunt Transport, Inc., no earlier than January 11, 2007.

5.    Upon information and belief, defendant, Hassan Abdi Elmi, has not been served with the Summons and Complaint to date.

6.    The accident which is the subject matter of this litigation occurred in the State of Delaware.

7.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In the Complaint, plaintiff, Yimin Chen, claims damages for, *inter alia*, the following:

> significant and permanent personal injuries, he suffered great pain and will in the future continue to suffer pain, he was and will be prevented from attending to his necessary affairs and business, he was compelled to expend large sums of money in an endeavor to cure his injuries and he lost wages.

See Exhibit A - plaintiffs' Complaint paragraph 4, Count I.

8.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In the Complaint, plaintiff, Qingmian Li, claims damages for, *inter alia*, the following:

> significant and permanent personal injuries, she suffered great pain and will in the future continue to suffer pain, she was and will be prevented from attending to her necessary affairs and business, she was compelled to expend large sums of money in an endeavor to cure her injuries and she lost wages.

See Exhibit A - plaintiffs' Complaint Count II. paragraph 5.

9.     Based upon a fair reading of the Complaint and plaintiffs' allegations of injuries, plaintiffs have set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, is in controversy.

10.    This Notice of Removal was timely filed within thirty days of receipt of the information indicating the jurisdictional amount may be met pursuant to 28 U.S.C. §1446 (b).

11.    Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

(a)     plaintiffs are citizens of the State of New Jersey; and

(b)     defendants are not citizens of the State of New Jersey.

12.    Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

13.    The undersigned has been retained as counsel for defendant, Hassan Abdi Elmi, and he consents to this removal.

WHEREFORE, defendants, Hassan Abdi Elmi and J.B. Hunt Transport, Inc., prays that the above-captioned action now pending in the Superior Court of New Jersey in and for Middlesex County, Docket No. L-10184-06, be removed therefrom to This Honorable Court.

RAWLE & HENDERSON LLP

By:_____
       Jon Michael Dumont 1609
       Delia A. Clark, Esq.  6736
       Attorneys for Defendants
       40 Lake Center Executive Park
       401 Route 73 North, Suite 200
       Marlton, NJ 08053
       (856) 797-8910

Dated: January __, 2007.

2004666-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of

Removal of Action was served via first-class mail, postage prepaid to:

George F. Hendricks
Hendricks & Hendricks
73 Patterson Street
New Brunswick, NJ  108901.


RAWLE & HENDERSON

By: _____
Delia A. Clark
Attorneys for Defendants


Dated: January 26, 2006

EXHIBIT C

# DSP Troop 6

**S U M M A R Y**

| Crash Classification | | | | Crash Case Identifier: |
|---|---|---|---|---|
| 53 - Personal Injury | | | | 06-05-085492 |
| Traffic Section Classification | Date of Crash | Time of Crash | Hit & Run? | Private Property? | Departmental Crash? |

| | 08/04/2005 | 16:52 Hrs. | No | No | No |

| Grid Number | Sector Number | County | Within corporate limits of: | X Coordinate |
|---|---|---|---|---|
| 058332 | 68 | New Castle | "N/A" | 00434249 |
| Literal Description | | | | Y Coordinate |
| N/B I-95 S/O TOLL PLAZA | | | | 04388566 |

| If the Crash Occurred Outside of City Limits, Indicate the General Vicinity "N/A" | Direction "N/A" | of | Nearest City "N/A" |
|---|---|---|---|
| On Road, Street, or Highway "N/A" | Direction of Travel "N/A" | | At intersection with: "N/A" |

**Note:** Unless the crash occurred at an intersection which is completely described above, use the space below to give the exact location from a milepost or definable intersection, bridge, or railroad crossing, using two distances and directions if necessary.

| Distance "N/A" | Direction "N/A" | and | Distance "N/A" | Direction "N/A" | of |
|---|---|---|---|---|---|
| Milepost Number "N/A" | Or | Definable Intersection, Bridge, or Railroad Crossing "N/A" | | | |

## CRASH ENVIRONMENT

| Location of First Harmful Event | Manner of Crash/Collision Impact |
|---|---|
| 01 - Roadway | 02 - Rear-end |
| Ambient Light | Road Surface Condition |
| 01 - Daylight | 01 - Dry |
| Weather Conditions (up to two) | |
| 01 - Clear | |

## ROADWAY CHARACTERISTICS

| Contributing Circumstances: | Environment 01 - None |
|---|---|
| | Roadway 01 - None |

| Type of Road | Type of Roadway Junction | Traffic Control Type |
|---|---|---|
| 2 - Interstate | 01 - Not at Junction | 03 - Lane Markings |

| **SCHOOL BUS RELATED?** | | **WORK ZONE RELATED?** | |
|---|---|---|---|
| School Bus Related? | Children Involved? | Work Zone Related? | Type of Work Zone |
| 01 - No | "N/A" | No | "N/A" |
| Workers Present? | Work Zone Location of Crash | | |
| "N/A" | "N/A" | | |

## SEQUENCE OF EVENTS

| First Harmful Event |
|---|
| 08 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |

## INCIDENT INFORMATION

| Reporting Police Agency Identifier | Type of Police Agency |
|---|---|
| DSP Troop 6 | 01 - State Police |
| Date Crash Reported to Police Agency | Time Crash Reported to Police Agency |
| 08/04/2005 | 16:52 Hrs. |
| Time Officer Notified of Crash | Time Officer Arrived At Scene |
| 16:52 Hrs. | 17:02 Hrs. |
| Date of Report | Source of Information |
| 08/04/2005 | 01 - Police agency |
| Exchange Information Given to All Drivers? Yes | Investigation Made at Scene? Yes |
| Referred to Special Unit No | Other Technical Investigating Agency "N/A" |

| Reporting Officer Name | Officer IBM | Approver Last Name | Approver IBM | Approval Date | Approval Time |
|---|---|---|---|---|---|
| ESCHENWALD | 364 | HAINES | 564 | 8/12/2005 | 11:43 |

| U N I T | **DRIVER INFORMATION** | | Driver's Name CHEN | | First YIMIN | | Middle "N/A" | Suffix "N/A" |
|---|---|---|---|---|---|---|---|---|
| | Is All Information Known for this unit Unit? Yes | | Date of Birth 03/28/1959 | | Age 46 | Gender Male | Phone (908) 722-5168 Ext. | |
| **001** | Address 4405 RIDELE COURT | | | City BRIDGEWATER | | State NJ | Zip 08807 | |

| **DRIVER LICENSE** | Driver's License Number C3344 79000 03591 | | License State NJ | License Expiration Date 8/31/2005 | License Class D | | Insurance Co. Name ALLSTATE INSURANCE | |
|---|---|---|---|---|---|---|---|---|
| License Endorsements NONE | License Restrictions NONE | Driver Distraction 00 - None | | Alcohol/Drugs Suspected 01 - Neither alcohol nor drugs suspected | | | Insurance Policy # 0 39 489138 03/10 | |
| Alcohol Test Status "N/A" | | Alcohol Type of Test "N/A" | | Alcohol Test Results "N/A" | | Insurance Expiration Date 9/10/2005 | |
| Drug Test Status "N/A" | | Drug Type of Test "N/A" | | Drug Test Results "N/A" | | Insurance Co. Phone Number "N/A" | |

| **DRIVER INJURY** | Injury Status 03 - Nonfatal Injury - non-incapacitating | | Description of Injuries NECK AND BACK STRAIN | | | Occupant Protection System Use 04 - Shoulder belt and lap belt used | |
|---|---|---|---|---|---|---|---|
| Airbag Deployment 04 - Not - deployed | | Airbag Switch Status 03 - ON-OFF switch not present | | Trapped 03 - Extricated by nonmechanical means | | |
| Ejection 01 - Not ejected | | | Ejection Path 01 - Not ejected/not applicable | | | |
| Physician's Name MEDENILLA | | | Admission Status 1 - Admitted | | | |
| Source of Transport 02 - EMS | | | Transported to Christiana Hospital | | | |
| EMS Response Agency ID UNK | | | EMS Response Run Number UNK | | | |

| **CITATION INFO** | Ticket Number 1 "N/A" | | Violation Charge Code 1 "N/A" | | Violation Charge 1 "N/A" | |
|---|---|---|---|---|---|---|
| Cited 02 - No | Ticket Number 2 "N/A" | | Violation Charge Code 2 "N/A" | | Violation Charge 2 "N/A" | |
| Ticket Number 3 "N/A" | | Violation Charge Code 3 "N/A" | | Violation Charge 3 "N/A" | |
| Ticket Number 4 "N/A" | | Violation Charge Code 4 "N/A" | | Violation Charge 4 "N/A" | |

| **OWNER INFO** | Owner's Name - Last QINGMIAN | | First LI | | Middle "N/A" | Suffix "N/A" |
|---|---|---|---|---|---|---|---|
| | Company Name (If Owner) "N/A" | Address 4405 RIDELE COURT | | City BRIDGEWATER | State NJ | Zip 08807 | |

| **VEHICLE INFO** | Vehicle Year 2004 | Make Honda - HOND | | Model CIVIC | | Style 01 - 2-Door | Color Aluminum - SIL |
|---|---|---|---|---|---|---|---|
| | VIN # 1HGES16364L006348 | License Plate # LEK38W | State NJ | Year 2006 | Departmental Vehicle Type "N/A" | Departmental Veh Number "N/A" | Speed Limit 25 | Speed Limit Units 01 - MPH |
| | Vehicle Role 04 - Struck | | Vehicle Maneuver/Action 01 - Movements essentially straight ahead | | Direction of Travel Before Crash 1 - North | | |
| | Direction of Force to Vehicle 06 - Rear center | | Underride/Override 01 - No underride or override | | Point of Impact 04 - RR, 05 - RC, 06 - LR, 07 - LS | | |
| | Most Damaged Area 05 - Rear center | | Extent of Damage 04 - Severe/vehicle totaled | | Approximate Cost Repair $10,000.00 | | Total Occupants 02 |
| | Traffic Control Device Type 09 - Lane Markings | | Trafficway Description 04 - Two-Way, Divided, Positive Median Barrier | | | Access Control 01 - Full Access Control | |
| | Driver Condition 01 - Apparently normal | | | | | | |
| | Contributing Circumstances, Driver (up to two) 01 - No improper driving | | | | | | |
| | Vehicle Configuration 01 - Passenger car | | Cargo Body Type 01 - Not applicable | | | | |
| | Vehicle Towed? Yes | Vehicle Towed By B and F | Vehicle Towed To "N/A" | | Emergency Vehicle? No | Emergency Use? No | Emergency Vehicle Type 01 - Not applicable |

| **SEQUENCE OF EVENTS** | First Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
|---|---|
| | Second Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| | Third Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| | Fourth Event "N/A" |
| | Most Harmful Event for this Vehicle 12 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |

| **CARRIER INFORMATION** | Is CMV? No | Criteria for Reporting Carrier Information (up to four) "N/A" | | |
|---|---|---|---|---|
| | Source of Carrier Information | | | |
| | Carrier Name | Carrier Address | Carrier City | State | Zip Code |
| | Carrier Phone Number | Carrier ID Number | Issuing Authority | Number of Axles | Gross Vehicle Weight Rating |

| UNIT 002 | DRIVER INFORMATION | Driver's Name Last HAUG | First ERIC | Middle C | Suffix "N/A" |
|---|---|---|---|---|---|

**DRIVER INFORMATION**

| Driver's Name Last | First | Middle | Suffix |
|---|---|---|---|
| HAUG | ERIC | C | "N/A" |

| Is All Information Known for this Unit? Yes | Date of Birth 11/11/1959 | Age 45 | Gender Male | Phone (609) 294-1552 Ext. |
|---|---|---|---|---|

| Address 75 HOLLYBROOK DR | City TUCKERTON | State NJ | Zip 08087 |
|---|---|---|---|

**DRIVER LICENSE**

| Driver's License Number H0875 23263 11592 | License State NJ | License Expiration Date 7/31/2005 | License Class D | Insurance Co. Name STATE FARM INS |
|---|---|---|---|---|

| License Endorsements NONE | License Restrictions NONE | Driver Distraction 00 - None | Alcohol/Drugs Suspected 01 - Neither alcohol nor drugs suspected | Insurance Policy # X14 7282-E15-30N |
|---|---|---|---|---|

| Alcohol Test Status "N/A" | Alcohol Type of Test "N/A" | Alcohol Test Results "N/A" | Insurance Expiration Date 11/15/2005 |
|---|---|---|---|

| Drug Test Status "N/A" | Drug Type of Test "N/A" | Drug Test Results "N/A" | Insurance Co. Phone Number "N/A" |
|---|---|---|---|

**DRIVER INJURY**

| Injury Status 05 - No injury | Description of Injuries "N/A" | Occupant Protection System Use 04 - Shoulder belt and lap belt used |
|---|---|---|

| Airbag Deployment 04 - Not - deployed | Airbag Switch Status 03 - ON-OFF switch not present | Trapped 01 - Not trapped |
|---|---|---|

| Ejection 01 - Not ejected | Ejection Path 01 - Not ejected/not applicable |
|---|---|

| Physician's Name "N/A" | Admission Status 0 - Not Applicable |
|---|---|

| Source of Transport 01 - Not Transported | Transported to "N/A" |
|---|---|

| EMS Response Agency ID "N/A" | EMS Response Run Number "N/A" |
|---|---|

**CITATION INFO**

| Ticket Number 1 "N/A" | Violation Charge Code 1 "N/A" | Violation Charge 1 "N/A" |
|---|---|---|
| Cited 02 - No | Ticket Number 2 "N/A" | Violation Charge Code 2 "N/A" | Violation Charge 2 "N/A" |

| Ticket Number 3 "N/A" | Violation Charge Code 3 "N/A" | Violation Charge 3 "N/A" |
|---|---|---|

| Ticket Number 4 "N/A" | Violation Charge Code 4 "N/A" | Violation Charge 4 "N/A" |
|---|---|---|

**OWNER INFO**

| Owner's Name - Last HAUG | First ERIC | Middle C | Suffix "N/A" |
|---|---|---|---|

| Company Name (If Owner) "N/A" | Address 75 HOLLYBROOK DR | City TUCKERTON | State NJ | Zip 08087 |
|---|---|---|---|---|

**VEHICLE INFO**

| Vehicle Year 2004 | Make General Motors - GMC | Model YUKON | Style 02 - 4-Door | Color Gold - GLD |
|---|---|---|---|---|

| VIN # 1GKFK66U74J237980 | License Plate # RYU15J | State NJ | Year 2008 | Departmental Vehicle Type "N/A" | Departmental Veh Number "N/A" | Speed Limit 25 | Speed Limit Units 01 - MPH |
|---|---|---|---|---|---|---|---|

| Vehicle Role 04 - Struck | Vehicle Maneuver/Action 01 - Movements essentially straight ahead | Direction of Travel Before Crash 1 - North |
|---|---|---|

| Direction of Force to Vehicle 09 - Left side | Underride/Override 01 - No underride or override | Point of Impact 08 - LF |
|---|---|---|

| Most Damaged Area 08 - Left front | Extent of Damage 01 - None/minor damage | Approximate Cost Repair $400.00 | Total Occupants 06 |
|---|---|---|---|

| Traffic Control Device Type 09 - Lane Markings | Trafficway Description 04 - Two-Way, Divided, Positive Median Barrier | Access Control 01 - Full Access Control |
|---|---|---|

| Driver Condition 01 - Apparently normal |
|---|

| Contributing Circumstances, Driver (up to two) 01 - No improper driving |
|---|

| Vehicle Configuration 02 - Light truck (panel/pickup) with only four tires | Cargo Body Type 01 - Not applicable |
|---|---|

| Vehicle Towed? No | Vehicle Towed By "N/A" | Vehicle Towed To "N/A" | Emergency Vehicle? No | Emergency Use? No | Emergency Vehicle Type 01 - Not applicable |
|---|---|---|---|---|---|

**SEQUENCE OF EVENTS**

| First Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
|---|
| Second Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| Third Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| Fourth Event "N/A" |
| Most Harmful Event for this Vehicle 12 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |

**CARRIER INFORMATION**

| Is CMV? No | Criteria for Reporting Carrier Information (up to four) "N/A" |
|---|---|
| | Source of Carrier Information |

| Carrier Name | Carrier Address | Carrier City | State | Zip Code |
|---|---|---|---|---|

| Carrier Phone Number | Carrier ID Number | Issuing Authority | Number of Axles | Gross Vehicle Weight Rating |
|---|---|---|---|---|

**U N I T 003**

## DRIVER INFORMATION

| | | | | |
|---|---|---|---|---|
| | Driver's Name - Last | First | Middle | Suffix |
| | LYONS | MICHAEL | J | "N/A" |
| Is All information Known for this unit Unit? Yes | Date of Birth 10/05/1967 | Age 37 | Gender Male | Phone (516) 292-5474 Ext. |
| Address 355 BELMONT AVE | | City W HEMPSTEAD | State NY | Zip 11552 |

## DRIVER LICENSE

| Driver's License Number 434295335 | License State NY | License Expiration Date 10/5/2009 | License Class E | Insurance Co. Name GEICO |
|---|---|---|---|---|
| License Endorsements NONE | License Restrictions B | Driver Distraction 00 - None | Alcohol/Drugs Suspected 01 - Neither alcohol nor drugs suspected | Insurance Policy # 1429-11-23-01 |
| Alcohol Test Status "N/A" | | Alcohol Type of Test "N/A" | Alcohol Test Results "N/A" | Insurance Expiration Date 9/1/2005 |
| Drug Test Status "N/A" | | Drug Type of Test "N/A" | Drug Test Results "N/A" | Insurance Co. Phone Number "N/A" |

## DRIVER INJURY

| Injury Status 05 - No injury | | Description of Injuries "N/A" | Occupant Protection System Use 04 - Shoulder belt and lap belt used |
|---|---|---|---|
| Airbag Deployment 04 - Not - deployed | Airbag Switch Status 03 - ON-OFF switch not present | Trapped 01 - Not trapped | |
| Ejection 01 - Not ejected | | Ejection Path 01 - Not ejected/not applicable | |
| Physician's Name "N/A" | | Admission Status 0 - Not Applicable | |
| Source of Transport 01 - Not Transported | | Transported to "N/A" | |
| EMS Response Agency ID "N/A" | | EMS Response Run Number "N/A" | |

## CITATION INFO

| Ticket Number 1 "N/A" | Violation Charge Code 1 "N/A" | Violation Charge 1 "N/A" |
|---|---|---|
| Cited 02 - No | Ticket Number 2 "N/A" | Violation Charge Code 2 "N/A" | Violation Charge 2 "N/A" |
| Ticket Number 3 "N/A" | Violation Charge Code 3 "N/A" | Violation Charge 3 "N/A" |
| Ticket Number 4 "N/A" | Violation Charge Code 4 "N/A" | Violation Charge 4 "N/A" |

## OWNER INFO

| Owner's Name - Last LYONS | First MICHAEL | Middle J | Suffix "N/A" |
|---|---|---|---|
| Company Name (if Owner) "N/A" | Address 355 BELMONT AVE | City W HEMPSTEAD | State NY | Zip 11552 |

## VEHICLE INFO

| Vehicle Year 1999 | Make Pontiac - PONT | Model MONTANA | Style 07 - Van | Color Brown - BRO |
|---|---|---|---|---|
| VIN # 1GMDU03E3XD262512 | License Plate # BGK9390 | State NY | Year 2006 | Departmental Vehicle Type "N/A" | Departmental Veh Number "N/A" | Speed Limit 25 | Speed Limit Units 01 - MPH |
| Vehicle Role 04 - Struck | Vehicle Maneuver/Action 01 - Movement's essentially straight ahead | Direction of Travel Before Crash 1 - North |
| Direction of Force to Vehicle 12 - Front center | Underride/Override 01 - No underride or override | Point of Impact 01 - CF |
| Most Damaged Area 01 - Center front | Extent of Damage 01 - None/minor damage | Approximate Cost Repair $200.00 | Total Occupants 03 |
| Traffic Control Device Type 09 - Lane Markings | Trafficway Description 04 - Two-Way, Divided, Positive Median Barrier | Access Control 01 - Full Access Control |
| Driver Condition 01 - Apparently normal | | |
| Contributing Circumstances, Driver (up to two) 01 - No improper driving | | |
| Vehicle Configuration 02 - Light truck (panel/pickup) with only four tires | Cargo Body Type 01 - Not applicable | |
| Vehicle Towed? No | Vehicle Towed By "N/A" | Vehicle Towed To "N/A" | Emergency Vehicle? No | Emergency Use? No | Emergency Vehicle Type 01 - Not applicable |

## SEQUENCE OF EVENTS

| First Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
|---|
| Second Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| Third Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| Fourth Event "N/A" |
| Most Harmful Event for this Vehicle 12 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |

## CARRIER INFORMATION

| Is CMV? No | Criteria for Reporting Carrier Information (up to four) "N/A" |
|---|---|
| | Source of Carrier Information |

| Carrier Name | | Carrier Address | | Carrier City | | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Carrier Phone Number | Carrier ID Number | | Issuing Authority | Number of Axles | | Gross Vehicle Weight Rating | |

| UNIT 004 | **DRIVER INFORMATION** | | | Driver's Name | First | Middle | Suffix |
|---|---|---|---|---|---|---|---|
| | Is All Information Known for this unit Unit? **Yes** | | | ELMI | HASSAN | ABDI | "N/A" |
| | | | | Date of Birth 01/01/1974 | Age 31 | Gender Male | Phone (615) 497-4978 Ext. |
| | Address 488 FATHERLAND ST | | | City NASHVILLE | | State TN | Zip 37206 |

**DRIVER LICENSE**

| Driver's License Number 084980854 | License State TN | License Expiration Date 1/1/2009 | License Class CDL-A | Insurance Co. Name J.B. HUNT SELF INS |
|---|---|---|---|---|
| License Endorsements H | License Restrictions NONE | Driver Distraction 00 - None | Alcohol/Drugs Suspected 01 - Neither alcohol nor drugs suspected | Insurance Policy # SELF INSURED |
| Alcohol Test Status "N/A" | | Alcohol Type of Test "N/A" | Alcohol Test Results "N/A" | Insurance Expiration Date "N/A" |
| Drug Test Status "N/A" | | Drug Type of Test "N/A" | Drug Test Results "N/A" | Insurance Co. Phone Number "N/A" |

**DRIVER INJURY**

| Injury Status 05 - No Injury | Description of Injuries "N/A" | Occupant Protection System Use 04 - Shoulder belt and lap belt used |
|---|---|---|
| Airbag Deployment 05 - Not applicable | Airbag Switch Status 03 - ON-OFF switch not present | Trapped 01 - Not trapped |
| Ejection 01 - Not ejected | | Ejection Path 01 - Not ejected/not applicable |
| Physician's Name "N/A" | | Admission Status 0 - Not Applicable |
| Source of Transport 01 - Not Transported | | Transported to "N/A" |
| EMS Response Agency ID "N/A" | | EMS Response Run Number "N/A" |

**CITATION INFO**

| Ticket Number 1 SPU80126 | Violation Charge Code 1 4176A | Violation Charge 1 CARELESS DRIVING |
|---|---|---|
| Cited 01 - Yes | Ticket Number 2 "N/A" | Violation Charge Code 2 "N/A" | Violation Charge 2 "N/A" |
| Ticket Number 3 "N/A" | Violation Charge Code 3 "N/A" | Violation Charge 3 "N/A" |
| Ticket Number 4 "N/A" | Violation Charge Code 4 "N/A" | Violation Charge 4 "N/A" |

**OWNER INFO**

| Owner's Name - Last | First "N/A" | Middle "N/A" | Suffix "N/A" |
|---|---|---|---|
| Company Name (If Owner) J. B. HUNT TRANSPORT INC | Address 4100 SOUTH COUNCIL | City OKLOHOMA CITY | State OK | Zip 73179 |

**VEHICLE INFO**

| Vehicle Year 1999 | Make Freightliner - FRET | Model TT | Style 13 - 10 Wheel | Color White - WHI |
|---|---|---|---|---|
| VIN # 1FUYSSEB1XL993075 | License Plate # 2GL083 | State OK | Year 2005 | Departmental Vehicle Type "N/A" | Departmental Veh Number "N/A" | Speed Limit 25 | Speed Limit Units 01 - MPH |
| Vehicle Role 03 - Striking | Vehicle Maneuver/Action 01 - Movements essentially straight ahead | | Direction of Travel Before Crash 1 - North |
| Direction of Force to Vehicle 12 - Front center | Underride Override 01 - No underride or override | | Point of Impact 01 - CF, 02 - RF |
| Most Damaged Area 01 - Center front | Extent of Damage 03 - Disabling damage | | Approximate Cost Repair $5,000.00 | Total Occupants 01 |
| Traffic Control Device Type 09 - Lane Markings | Trafficway Description 04 - Two-Way, Divided, Positive Median Barrier | | Access Control 01 - Full Access Control |
| Driver Condition 01 - Apparently normal | | | |
| Contributing Circumstances, Driver (up to two) 20 - Unsafe Lane Change | | | |
| Vehicle Configuration 07 - Tractor/semi-trailer | | Cargo Body Type 04 - Van/enclosed box | |
| Vehicle Towed? Yes | Vehicle Towed By B and F | Vehicle Towed To "N/A" | Emergency Vehicle? No | Emergency Use? No | Emergency Vehicle Type 01 - Not applicable |

**SEQUENCE OF EVENTS**

| First Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
|---|
| Second Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| Third Event 18 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |
| Fourth Event "N/A" |
| Most Harmful Event for this Vehicle 12 - Collision with person, vehicle, or object not fixed - Motor vehicle in transport |

**CARRIER INFORMATION**

| Is CMV? Yes | Criteria for Reporting 02 - Any injury | Carrier Information (up to four) 02 - Any injury occurred requiring immediate treatment away from scene |
|---|---|---|
| | Source of Carrier Information 02 - Side of Vehicle | |
| Carrier Name J. B. HUNT | Carrier Address 4100 SOUTH COUNCIL | Carrier City OKLAHOMA CITY | State OK | Zip Code 73179 |
| Carrier Phone Number (800) 811-0546 Ext. | Carrier ID Number 0080806 | Issuing Authority 01 - US DOT | Number of Axles 5 | Gross Vehicle Weight Rating 03 - More than 26,000 |

## TRAILER INFORMATION

| | | | |
|---|---|---|---|
| **T** | Unit # | Vehicle Year | Vehicle Make | Vehicle Model |
| **R** | 998 | 2002 | Wabash - WABA | BOX |
| **A** | VIN Number | | Plate number | Plate State | Plate Year |
| **I** | 1JJV532WX2L785730 | | 998-7DX | OK | 2001 |
| **L** | Cargo Body Type | | | | |
| **E** | 04 - Van/enclosed box | | | | |
| **R** | | | | | |

## OWNER INFO

001

| Owner Last Name | Owner First Name | Owner Middle Name | Suffix |
|---|---|---|---|
| "N/A" | "N/A" | "N/A" | "N/A" |

| Owner Company Name |
|---|
| J. B. HUNT TRANSPORT INC |

| Street Address |
|---|
| 4100 SOUTH COUNCIL |

| City | State | Zip Code |
|---|---|---|
| OKLAHOMA CITY | OK | 73179 |

## MISCELLANEOUS

| HazMat placard? | HazMat released? | HazMat Class | Placard Number |
|---|---|---|---|
| No | 01 - Not applicable | "N/A" | "N/A" |

| Trailer Detached from Cab? | Cost to Repair | Extent of Damage | Most Damaged Area |
|---|---|---|---|
| No | $0.00 | 01 - None/minor damage | "N/A" |

| Underide Override | Direction of Force to Vehicle |
|---|---|
| 01 - No underride or override | "N/A" |

| Point of Impact |
|---|
| "N/A" |

| Direction of Travel Before Crash | Vehicle Role | Vehicle Maneuver Action |
|---|---|---|
| "N/A" | "N/A" | "N/A" |

## PERSON

001

| Person Type | Name - Last | First | Middle | Suffix |
|---|---|---|---|---|
| 01 - Passenger | QINGMIAN | LI | "N/A" | "N/A" |

| Address | City | State | Zip | Unit No. |
|---|---|---|---|---|
| 4405 RIDELE COURT | BRIDGEWATER | NJ | 08807 | 001 |

| Phone # | Date of Birth | Age | Gender |
|---|---|---|---|
| (908) 722-5168 x | 2/18/1955 | | Female |

| Seating Position |
|---|
| 03 - Front seat - right side |

| Injury Status | Occupant Protection System Use |
|---|---|
| 03 - Nonfatal injury - non-incapacitating | 04 - Shoulder belt and lap belt used |

| Airbag Deployment | Airbag Switch Status |
|---|---|
| 04 - Not - deployed | 03 - ON-OFF switch not present |

| Ejection | Ejection Path |
|---|---|
| 01 - Not ejected | 01 - Not ejected/not applicable |

| Trapped |
|---|
| 03 - Extricated by nonmechanical means |

| Description of Injuries |
|---|
| NECK AND BACK STRAIN |

| Admission Status | Physician's Name |
|---|---|
| "N/A" | "N/A" |

| Source of Transport | Transported to |
|---|---|
| 02 - EMS | Christiana Hospital |

| EMS Response Agency ID | EMS Response Run Number |
|---|---|
| UNK | UNK |

## ALCOHOL/DRUGS

| Alcohol/Drugs Suspected |
|---|
| "N/A" |

| Alcohol Test Status | Alcohol Type of Test | Alcohol Test Results |
|---|---|---|
| "N/A" | "N/A" | "N/A" |

| Drug Test Status | Drug Type of Test | Drug Test Results |
|---|---|---|
| "N/A" | "N/A" | "N/A" |

## NON-MOTORIST

| Type | Unit No. of Vehicle Striking Non-Motorist |
|---|---|
| "N/A" | "N/A" |

| Location Prior to Impact | Action |
|---|---|
| "N/A" | "N/A" |

| Condition |
|---|
| "N/A" |

| Safety Equipment (up to 2) |
|---|
| "N/A" |

| Contributing Circumstances (up to 2) |
|---|
| "N/A" |

V-1 WAS STOPPED N/B I-95 IN THE END LANE FROM THE LEFT ATTEMPTING TO MERGE TO THE MIDDLE LANE. V-2 WAS STOPPED IN THE MIDDLE LANE JUST AHEAD OF V-1. V-3 WAS STOPPED IN THE MIDDLE JUST AHEAD OF V-2. V-4 WAS TRAVELING N/B I-95 IN THE MIDDLE LANE. V-4 CHANGED LANES FROM THE MIDDLE LANE TO THE 2ND LANE FROM THE LEFT. V-4 ATTEMPTED TO STOP, LEAVING 34' OF SKID MARKS, WHEN V-4'S FRONT STRUCK V-1'S REAR FOR POI #1 24' E/O W/EOR FOR N/B I-95. V-1 WAS PUSHED FORWARD WHEN V-1'S R/SIDE STRUCK V-2'S LEFT SIDE FOR POI #2 AND FRP V-2 30' E/O W/EOR FOR N/B I-95 AND 22' N/O

POI#1.   V-1 CONTINUED N/B WHEN V-1'S   HT SIDE STRUCK V-3'S LEFT SIDE FOR POI #3 AN   RP V-3 30' E/O W/EOR AND 44'
N/O POI #1.   V-1 CONTINUED N/B FOR FRP   28 E/O W/EOR FOR N/B I-95 AND 70' N/O POI #1.   V-4 C   NTINUED N/B FOR FRP IN THE
LEFT SHOULDER 65' N/O POI#1 AND 2' E/O W/EOR FOR N/B I-95.
OPV-1 STATED HE WAS STOPPED IN THE 2ND LANE FROM THE LEFT ATTEMPTING TO MERGE TO THE MIDDLE LANE BECAUSE
THE TWO LEFT LANES WERE EZ PASS LANES WHEN HE WAS SUDDENLY STRUCK IN THE REAR.
OPV-2 STATED V-1 WAS STOPPED IN THE LANE TO HIS LEFT.  OPV-2 STATED HE SAW V-4 APPROACH FROM THE REAR AND
SUDDENLY CHANGED LANES FROM HIS LANE TO THE LEFT WHEN HE STRUCK V-1 IN THE REAR. OPV-2 STATED V-1 WAS THEN
WAS PUSHED AND STRUCK HIS VEHICLE AND THE VEHICLE AHEAD OF HIM.
OPV-3 STATED HE WAS STOPPED IN THE MIDDLE LANE DUE TO STOPPED TRAFFIC AHEAD WHEN V-4 STRUCK V-1 IN THE LANE
TO HIS LEFT AND FORCED V-1 INTO HIS VEHICLE.
OPV-4 STATED HE WAS MERGING FROM THE MIDDLE LANE TO THE LEFT TO GO THROUGH THE EZ PASS LANE WHEN V-1 WAS
STOPPED IN FRONT OF HIM.  OPV-4 LATER ADVISED THAT A NCV (WHITE SUV) CUT HIM OFF AND MADE HIM CHANGE LANES TO
THE LEFT.
LOOKING AT THE SKID MARKS BY V-4, EVEN IF V-4 WAS FORCED TO THE LEFT LANES, HE WOULD NOT HAVE BEEN ABLE TO
STOP BEHIND V-2 OR V-3.
BOTH OCCUPANTS OF V-1 WERE TRANSPORTED TO CER.
PIO (CPL. ZANE) WAS NOTIFIED REGARDING THIS ACCIDENT SINCE FOUR OUT OF FIVE LANES WERE CLOSED FOR
APPROXIMATELY 1.5 HOURS.



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                          :
YIMIN CHEN, et al.                        :
                                          :    Civil Action No. 07-456(KSH)
                                          :
        Plaintiffs                        :
                                          :
    v.                                    :
                                          :
                                          :    **SCHEDULING ORDER**
ABDI HASSAN ELMI, et al.                  :    **IN AN ARBITRATION CASE**
                                          :
                                          :
                                          :
        Defendants                        :
_____:

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 9, 2007; and for good cause shown,

**IT IS on this 10th day of April, 2007,**

**ORDERED THAT:**

a.  No later than **April 13, 2007**, the plaintiffs shall advise the Court of any opposition to the motion to transfer.

b.  Defendant shall send plaintiffs a copy of this Order and Judge Hayden's instructions for preparing the Final Pretrial Order.

**IT IS FURTHER ORDERED THAT:**

## I.  ARBITRATION

1.      This matter is subject/referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly form the Clerk of the Court.  Arbitration shall not commence before **August 22, 2007.**

## II.  COURT DATES

2.      There shall be a telephone status conference before the undersigned on **June 13, 2007 at 9:30 a.m.**  Plaintiff shall initiate the telephone call.

3. There will be a settlement conference before the undersigned on **TO BE SET**. Five (5) business days before the conference, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

## III. DISCOVERY AND MOTION PRACTICE

4. a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **April 23, 2007.**

b. Medical authorizations shall be provided to the defendants no later than **May 30, 2007.**

5. Discovery necessary to engage in meaningful settlement discussions:

responses to the interrogatories and document demands
plaintiff's depositions
plaintiff's expert report
possibly a medical examination of plaintiff
_____ and will be produced by **July 24, 2007** .

6. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **April 30, 2007**, which shall be responded to no later than **May 30, 2007**.

7. a. The number of depositions to be taken by each side shall not exceed **September 7, 2007.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

b. Depositions of the plaintiff shall take place in New Jersey.

8. Fact discovery is to remain open through **September 7, 2007**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief letter outlining the dispute. The Court will thereafter schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. See L. Civ. R. 16.1(f)(1).

If the dispute involves an alleged deficiency in a response to a discovery request,

then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **June 29, 2007** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10.    Any motion to amend pleadings or join parties must be filed by **none.**

11.    All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly

considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

## IV.  EXPERTS

12.    All affirmative expert reports shall be delivered by **June 15, 2007.**

13.    All responding expert reports shall be delivered by **August 15, 2007.**

14.    a.  All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b.  All expert depositions shall be completed by **only if a party files a timely request for a trial de novo.**

## V.  MISCELLANEOUS

15.    The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

16.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

17.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

18.    Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

19.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
YIMIN CHEN, et al.                          :
                                            :        Civil Action No. 07-456(KSH)
                                            :
            Plaintiffs                      :
                                            :
    v.                                      :
                                            :
                                            :        **SCHEDULING ORDER**
ABDI HASSAN ELMI, et al.                    :        **IN AN ARBITRATION CASE**
                                            :
                                            :
                                            :
            Defendants                      :
————————————————————:


**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 9, 2007; and for good cause shown,

**IT IS** on this 10th day of April, 2007,

**ORDERED THAT:**

a.  No later than **April 13, 2007**, the plaintiffs shall advise the Court of any opposition to the motion to transfer.

b.  Defendant shall send plaintiffs a copy of this Order and Judge Hayden's instructions for preparing the Final Pretrial Order.

**IT IS FURTHER ORDERED THAT:**

## I.  ARBITRATION

1.    This matter is subject/referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly form the Clerk of the Court.  Arbitration shall not commence before **August 22, 2007.**

## II.  COURT DATES

2.    There shall be a telephone status conference before the undersigned on **June 13, 2007 at 9:30 a.m.**  Plaintiff shall initiate the telephone call.

3.    There will be a settlement conference before the undersigned on **TO BE SET**.  Five (5) business days before the conference, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

## III. DISCOVERY AND MOTION PRACTICE

4.    a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **April 23, 2007.**

b. Medical authorizations shall be provided to the defendants no later than **May 30, 2007.**

5.    Discovery necessary to engage in meaningful settlement discussions:

responses to the interrogatories and document demands
plaintiff's depositions
plaintiff's expert report
possibly a medical examination of plaintiff
_____ and will be produced by **July 24, 2007** .

6.    The parties may serve interrogatories limited  to **25** single questions including subparts and requests for production of documents on or before **April 30, 2007**, which shall be responded to no later than **May 30, 2007**.

7.    a.  The number of depositions to be taken by each side shall not exceed **September 7, 2007.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

b.  Depositions of the plaintiff shall take place in New Jersey.

8.    Fact discovery is to remain open through **September 7, 2007**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.    Counsel shall confer in a good  faith attempt  to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort  fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief  letter outlining the dispute.  The Court will  thereafter schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute.  See L. Civ. R. 16.1(f)(1).

If the dispute involves an alleged deficiency in a response to a discovery request,

then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **June 29, 2007** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10.    Any motion to amend pleadings or join parties must be filed by **none.**

11.    All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u>  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court may disregard any statement of fact not supported by a specific citation to record material properly

considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

   e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

## IV. EXPERTS

  12.   All affirmative expert reports shall be delivered by **June 15, 2007.**

  13.   All responding expert reports shall be delivered by **August 15, 2007.**

  14.   a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

   b. All expert depositions shall be completed by **only if a party files a timely request for a trial de novo.**

## V. MISCELLANEOUS

  15.   The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

  16.   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

  17.   A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

  18.   Communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

  19.   **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

       s/Patty Shwartz
       **UNITED STATES MAGISTRATE JUDGE**

HENDRICKS & HENDRICKS
73 Paterson Street
New Brunswick, New Jersey 08901
(732) 828-7800
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YIMIN CHEN and QINGMIAN LI, <br><br> Plaintiff, <br><br> vs. <br><br> HASSAN ABDI ELMI, et al., <br><br> Defendants. | CIVIL ACTION NO: <br> 2:07-cv-456-KSH |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION

TO TRANSFER VENUE

Plaintiffs, Ymin Chen and Qingmian Li, by and through their attorneys, Hendricks & Hendricks,

Esqs., hereby submit the following memorandum of law in opposition to the Defendant J.B. Hunt

Transport, Inc.'s Motion to Transfer Venue of this case to the District of Delaware.

I. COUNTERSTATEMENT OF FACTS:

  Defendant J.B. Hunt was properly served with the Complaint in this matter and has, as of

this date, filed an Answer. Defendant J.B. Hunt is, without question, not only authorized to

conduct business in the continental United States and Canada, but is authorized to and in fact does

conduct business in the State of New Jersey. (Exhibit A). Defendant Hassan Abdi Elmi has not

been served with the Summons and Complaint as of the date of this Opposition. On information

and belief, he no longer resides in the State of Tennessee, and it is highly likely that he will never

be successfully served with process in this matter.

The Plaintiffs both reside in the State of New Jersey. One witness to the accident, Eric Haug, also is a resident of the State of New Jersey. Other than the initial emergency treatment, all health care providers of the Plaintiffs are residents and practice medicine in the State of New Jersey. One of the witnesses to the accident is a resident of New York, which, although a different state, is so close in proximity to New Jersey that it cannot be said that this witness would in any way be inconvenienced by this matter being venued in New Jersey. Certainly, however, that witness would be inconvenienced if this matter were venued in the State of Delaware.

The Defendant, J.B. Hunt Transport, Inc.'s counsel has asserted in her statement of facts that "The undersigned has been retained as counsel for defendant, Hassan Abdi Elmi, and he consents to this removal." (See Defendant's "Notice of Removal". The Defendant, J.B. Hunt Transport, Inc., is the only party which has entered an appearance in this matter. Mr. Elmi has not entered an appearance, has not been served with process, and other than counsel for Defendant J.B. Hunt's statement, there is no indication and no affidavit or certification of Mr. Elmi attached to the papers to indicate that he does in fact consent to the change of venue.

## II.     LEGAL ARGUMENT

It is clear that the Defendant, J.B. Hunt, does not have standing to assert the argument that the instant matter should be removed from the District of New Jersey to the District of Delaware. In essence, counsel for J.B. Hunt is attempting to have their cake and eat it too. The attorney has filed the application as counsel for Defendant J.B. Hunt, but then makes the claim that Defendant Elmi has also retained them and consents to the removal. If a removal for lack of personal jurisdiction is to be requested, it must be requested by the party to whom submission to jurisdiction would, if minimum contacts do not exist, be improper. Mr. Elmi has not made the application and, indeed cannot make an application because he has not yet been served with the

Complaint.  It is possible, in fact, that he may never be served with the Complaint.  If he is not served with the Complaint, then any removal of this action will be folly.  All other parties have contacts with New Jersey.  Certainly, J.B. Hunt has significant contacts.

"Prior to judicial resolution of a dispute, an individual must as a threshold matter show that he has standing to bring the action."  Pittsburgh Pallisades Park, LLC v. COM. 888 A.2d. 655 (Pa. 2005).  It is a well-established tenet of standing that a "litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 (3d Cir.1994). This principle is based on the assumption that "third parties themselves usually will be the best proponents of their own rights," *Singleton v. Wulff,* 428 U.S. 106, 114, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (plurality opinion), which serves to foster judicial restraint and ensure the clear presentation of issues. *See Munson,* 467 U.S. at 955, 104 S.Ct. 2839.  Pennsylvania Psychiatric Soc. v.  Green Spring Health Services, Inc. 280 F.3d 278, C.A.3 (Pa.), (2002).

It is clear that JB Hunt does not have standing to challenge jurisdiction in the State of New Jersey.  It is possible that Defendant Elmi might be located and properly served at some point in the future and if he is served then he will have standing to challenge jurisdiction.  However, at that time, if it ever comes to pass, this office and the Plaintiffs will have the opportunity to provide a showing of minimum contacts with the State of New Jersey.  The Plaintiffs should not be compelled to provide such a showing as to Mr. Elmi when he has not

even been served with the Complaint.  Based on the foregoing, Plaintiffs hereby request that

the Motion for Removal be denied.  Plaintiffs request oral argument on this Motion.

Respectfully submitted,

*/s/ George F. Hendricks*

GEORGE F. HENDRICKS

HENDRICKS & HENDRICKS
73 Paterson Street
New Brunswick, New Jersey  08901
(732) 828-7800
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YIMIN CHEN and QINGMIAN LI, | CIVIL ACTION NO: |
| Plaintiff, | 2:07-cv-456-KSH |
| vs. | |
| HASSAN ABDI ELMI, et al., | CERTIFICATION OF GEORGE F. HENDRICKS IN SUPPORT OF PLAINTIFF'S BRIEF OPPOSING CHANGE OF VENUE |
| Defendants. | |

**GEORGE F. HENDRICKS,  ESQ.**, of full age, hereby certifies and states as follows:

1.  I am an attorney at law of the State of New Jersey and a partner with the law firm of Hendricks & Hendricks, Esqs., attorneys for Plaintiffs, Yimin Chen and Qingmian Li, in the captioned action.  I am the attorney in the firm entrusted with the handling of this matter and am fully familiar therewith.

2.  This Certification is filed in opposition to Defendant's Motion to Change Venue.

3.  This office received a copy of said Motion on April 9, 2007.

4.  Defendant Hassan Abdi Elmi is an employee of J.B. Hunt Transport, Inc. and, under the doctrine of agency, J.B. Hunt Transport Inc. is responsible for his actions.

5.  Hassan Abdi Elmi is apparently no longer a resident of Tennessee and this office is not currently aware of his location.  See copy of Affidavit of Services attached as Exhibit A.

6.    Defendant J.B. Hunt Transport, Inc. is authorized to conduct business in the

continental United States and they hold an office in Cranbury, New Jersey (See

Exhibit B).

7.    Plaintiffs, Yimin Chen and Qingmian Li, reside within the State of New Jersey.

8.    Other than the initial emergency room physicians, all of the plaintiffs' treating

physicians are located in and practice medicine within the State of New Jersey.

9.    An additional vehicle involved in this motor vehicle accident was owned by Eric

Haug, a potential witness, who also resides within the State of New Jersey.

I hereby certify that the foregoing statements made by me are true.  I am aware that if

any of the foregoing statements made by me are willfully false, I am subject to punishment.


                                        *HENDRICKS & HENDRICKS, ESQS.*
                                        *Attorneys for Plaintiffs*


                                            */s/ George F. Hendricks*
                                        BY:_____
                                            GEORGE F. HENDRICKS, ESQUIRE

DATED:  April 25, 2007

# EXHIBIT A

YIMIN CHEN, ET AL                         **Plaintiff**

           vs.

HASSAN ABDI ELMI                          **Defendant**

**Person to be served (Name and Address):**
HASSAN ABDI ELMI
488 FATHERLAND ST
NASHVILLE TN 37206
**By serving: HASSAN ABDI ELMI**

**Attorney:** GEORGE F. HENRICKS

**Papers Served:** SUMMONS, COMPLAINT AND JURY DEMAND, CIS, TRACK
ASSIGNMENT NOTICE

**Service Data:**  [ ] Served Successfully      [X] Not Served

Date/Time:  ___4/5/07___      ___4:20pm___

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (Indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Superior Court Of New Jersey

MIDDLESEX Venue

Docket Number: MID L 10184 06

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

     $ _____._____

Attempts:  Date/Time: _____
              Date/Time: _____
              Date/Time: _____

Name of Person Served and relationship/title:

_____

_____

**Description of Person Accepting Service:**

SEX: ___ AGE: _____ HEIGHT: _____ WEIGHT: _____ SKIN: _____ HAIR: _____ OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[X] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] No response on:  Date/Time: _____
                 Date/Time: _____
                 Date/Time: _____

Other: *According to Karen, Office Assistant, Cayce Homes Housing
Management Office. ELMI moved approximately
one (1) year ago.*

**Served Data:**
Subscribed and Sworn to me this

_5th_ day of _April_ , 2007

Notary Signature: _____

_Marsha B. Maynard_
   Name of Notary          Commission Expiration

My Commission Exp. Nov. 22, 2008

I, _Lee A. Miller_
was at the time of service a competent adult
not having a direct interest in the litigation.
I declare under penalty of perjury that the
foregoing is true and correct.

_Lee A. Miller_  4/5/07
Signature of Process Server          Date

**S P**

# EXHIBIT B

Case 2:07-cv-00256-SSR-PS Document 9-4   Filed 04/25/2007   Page 10 of 13

**J.B. Hunt Transport Services**

`

**Check out the trucking jobs at J.B. Hunt Transport Services. They could be your next**

Since you're interested in trucking jobs at J.B. Hunt Transport Services, Layover provides yo
easy way to gather the information you need before signing on the dotted line. Read J.B. Hu
Services's complete profile below. Is this the right company for you? Check out other compa
search for more truck driving jobs. Return to Jobnet Main




J.B. Hunt Transport, Inc.
1-800-2JB-HUNT
http://www.jbhunt.com

Company Driver Van, Owner Operato
Send Email

Description: Truckload carrier
Headquarters: Lowell, AR
Number of Terminals: 99
Number of Trucks: 13000
Number of Owner Operators: 400
Type of Freight Hauled: General
Commodity
Operating Area: 48 states + Canada
Equipment Type: Freightliner Century
Class tractors

Alabama, Arizona, Arkansas,
California, Colorado, Connecticut,
Delaware, Florida, Georgia, Illinois,
Indiana, Iowa, Kansas, Kentucky,
Louisiana, Maine, Maryland,
Massachusetts, Michigan, Minnesot
Mississippi, Missouri, Nebraska, Nev
Hampshire, New Jersey, New York,
North Carolina, Ohio, Oklahoma,
Oregon, Pennsylvania, Rhode Island
South Carolina, Tennessee, Texas,
Vermont, Virginia, Washington, We
Virginia, Wisconsin

Minimum Age: 22
Type of Experience: Minimum of 3
months class A driving
Endorsements:

Starting Pay - No Experience: n/a
Pay - 1 Year Experience: 37 to 42
cpm, varies by domicile
Pay - 2 Years Experience:
Pay - 3 Years Experience:
Pay - 4 Years Experience:
Pay - 5 Years Experience:

Pay - 10 Years Experience:

Owner Operator Pay: 90 cpm + fuel surcharge

Pay Cycle/Periods: weekly
Direct Deposit: Yes
Layover Pay: Yes
Breakdown Pay: N/A
Loading/Unloading Pay: Yes
Tarp Pay: N/A
N.Y.C. Pay: Yes
Stop Off Pay: N/A
Paid Lumpers: Yes
Per Diem: Optional

Medical Plan: Yes
Waiting Period for Medical Benefits: following 30 days service
Dental Plan: Yes
Vision Plan: Yes
Retirement Plan: Yes
Profit Sharing: No
Bobtail Insurance (owner operators): Yes
Worker's Comp. Insurance (owner operators): Yes
Physical Damage Insurance (owner operators): Yes

Sign On: No
Safety: Yes
Performance: No
Fuel: Yes
Longevity: No
Recruiting: Yes

Slip Seating: No
24x7 Dispatch: Yes
Rider Program: Available for family members
Pet Policy: Permitted for owner-operators
Paid Orientation: Yes
Orientation # of Days: 3
Free Training: Yes
Lease Purchase Available: Yes
Home Time: 2 days home for 7 on road
Unloading Required: No
If yes, specify::
Take Truck Home: Yes

Trucking jobs aren't really "one size fits all"... as a professional driver, you have unique needs and individual preferences, so some jobs are just a better fit with your lifestyle. Th why, when you're planning your next career move, you need to look for a carrier that offe variety of driving opportunities.

With J.B. Hunt, you'll find a job to accommodate your likes & dislikes and your personal commitments. You may think we're an "over-the-road carrier", but we also have Dedicate Local and Regional jobs for company drivers. Owner-Operators can choose Regional or OTR opportunities, and we can even help drivers become Owner-Operators with our $30 Down Lease Option. We recently added Fleet Owners to our Independent Contractor gro as well.

---DEDICATED---------> With more than 300 dedicated-contract locations across the cou J.B. Hunt has thousands of jobs to get you home more. Generally, our dedicated drivers home weekly, though many of these jobs feature local driving. These jobs give you consistency... You service a consistent single customer. You run consistent miles. You n consistent money.

---LOCAL-------------> As a result of our partnerships with the rail networks, J.B. Hunt's Intermodal division offers many local-driving opportunities. Most of these positions keep running within a local area, so you're able to be home daily.

Case 2:07-cv-00274-SSR-PSDocument 9n14    Filed 04/25/2007    Page 12 of 13

---REGIONAL---------> Most of our regional fleets guarantee weekly home-time. Plus you receive a top mileage rate and are eligible for monthly bonuses. You can run within the Northeast, Southeast, Midwest, Southwest/Texas and Southwest-Six regions.

---OWNER-OPERATOR---> You're your own boss, you own your truck. So flex your independence, but put the stability of an industry leader behind you. Our Independent Contractor group offers OTR driving in over a hundred locations across the country and Regional driving in several others. You average over a dollar per mile. Start with a strong mileage rate (90 cpm for OTR, 87 cpm for Regional) and add our lucrative fuel surcharge. You're paid for all miles, loaded and empty. Partnership advantages include discounts on fuel, tires & maintenance, paid plates & permits, lumpers, 24-hour road service, and voluntary benefits and maintenance escrow. Best of all, there's no forced dispatch.

---LEASE-PURCHASE---> If you've always dreamed of driving your own truck, make it a reality! All you need is a $300 down-payment, and you're driving your own Freightliner. J Hunt will finance your purchase with affordable payments for 36 months- you are guaran approval. Lease a 2002, 2004 or 2005 model and receive all the partnership advantages Hunt offers.

---FLEET OWNERS-----> We're excited to welcome fleets to J.B. Hunt. Again, you have the partnership advantages we offer independent contractors when you lease with us. W invite you to visit our corporate headquarters in northwest Arkansas, at our expense, to you through our program so you can be sure you're making the best business decision possible.

---O T R------------> It's no wonder we're known as an OTR carrier... we have the best package in the industry! Start at up to 42 cpm plus non-mileage pay, monthly bonuses a full benefits. Our drivers average about 2,450 miles per week and over $47k per year. An they do it in the ultra-comfortable Century Class Freightliner. You can be home every 14 days, with your choice of time-off options, and you can take your truck with you.

So which trucking job fits you best? Apply online with Layover.com now, and J.B. Hunt w contact you directly with more information.



**Outsourcing Services** | **Become a Qualified Carrier**

**Main Menu** | **Origin Region** | **Destination State** | **Destination Region** | **Logout**

## Select Origin State from Map or from the drop down list below





-=Please Select an Origin State=-

Search   Reset



**To speak with a J.B. HUNT Representative, call us at 1-877-452-4674 or click to email.**

All Contents Copyright © 2007, J.B. Hunt Transport, Inc. All Rights Reserved.

CLOSING

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ : | | |
| **YIMIN CHEN, et al.** : | | **Civil Action No. 07-456(KSH)** |
| : | | |
| **Plaintiffs** : | | |
| : | | |
| **v.** : | | |
| : | | |
| : | | **ORDER** |
| **ABDI HASSAN ELMI, et al.** : | | |
| : | | |
| : | | |
| : | | |
| **Defendants** : | | |
| _____ : | | |

This matter having come before the Court on the motion of defendant J.B. Hunt

Transport, Inc. to transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a);

and the Court having considered the motion pursuant to Fed. R. Civ. P. 78; and for the reasons

set forth in the Opinion delivered on the record on April 27, 2007; and for good cause shown,

IT IS ON this 27th day of April, 2007

ORDERED that defendant J.B. Hunt Transport, Inc's motion to transfer this action to the

District of Delaware pursuant to 28 U.S.C. § 1404(a) [Docket Entry No. 4] is granted but the

depositions of the plaintiffs shall take place in New Jersey; and

IT IS FURTHER ORDERED that the Clerk of the Court shall transfer this case to the

United States District Court for the District of Delaware.

s/Patty Shwartz
_____
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK

50Walnut Street
NEWARK, NEW JERSEY 07101

CAMDEN OFFICE

1 John F. Gerry Plaza
CAMDEN, NJ 08101

WILLIAM T. WALSH
  Clerk

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: <u>NEWARK</u>

5/16/07

PETER T. DALLEO ,CLERK,
USDC FOR THE DIST. OF DELAWARE
J. CALEB BOGGS FEDERAL BLDG.
LOCKBOX 18
844 NO. KING ST.
WILMINGTON, DE  19801-3570

    **Re:**    **CHEN et al v. ELMI  et al**

           **Civil Dockt No.  07-456 (KSH)**

Dear Clerk:

      The above-captioned case have been transferred to your court pursuant to the enclosed  cetified copy of the  Order..  Also enclosed is a  Certified Copy of the Docket Sheet ..   Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

               Very truly yours,

               WILLIAM T. WALSH, Clerk

               By:    Donna De Angelis
                      Deputy Clerk

**RECEIPT ACKNOWLEDGED BY:** _____  **DATE:** _____.

**YOUR CIVIL DOCKET NUMBER:** _____.