## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YMIN CHEN and QINGMIAN LI,       :
        Plaintiffs,        :      CIVIL ACTION NO.:
     v.             :
HASSAN ABDI ELMI, J.B. HUNT TRANSPORT, :
INC.,                        :
        Defendants.      :

### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Defendant, J.B. Hunt Transport, Inc., by and through its attorneys, Rawle & Henderson LLP, respectfully avers as follows:

1.    Defendant, Hassan Abdi Elmi, at all material times, was and is a citizen of the State of Tennessee.

2.    Defendant, J.B. Hunt Transport, Inc. is a duly formed corporation operating and existing under the laws of Georgia with its principal place of address located in Lowell, Arkansas.

3.    Plaintiffs are residents and citizens of the State of New Jersey. See Plaintiffs' Complaint attached as Exhibit A.

4.    Plaintiffs have commenced a civil action against the defendants in the Superior Court of New Jersey in and for Middlesex County. The Complaint, being the original process in this case, was first received by defendant, J.B. Hunt Transport, Inc., no earlier than January 11, 2007.

5.    Upon information and belief, defendant, Hassan Abdi Elmi, has not been served with the Summons and Complaint to date.

6.    The accident which is the subject matter of this litigation occurred in the State of Delaware.

7.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In the Complaint, plaintiff, Yimin Chen, claims damages for, *inter alia*, the following:

> significant and permanent personal injuries, he suffered great pain and will in the future continue to suffer pain, he was and will be prevented from attending to his necessary affairs and business, he was compelled to expend large sums of money in an endeavor to cure his injuries and he lost wages.

See Exhibit A - plaintiffs' Complaint paragraph 4, Count I.

8.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In the Complaint, plaintiff, Qingmian Li, claims damages for, *inter alia*, the following:

> significant and permanent personal injuries, she suffered great pain and will in the future continue to suffer pain, she was and will be prevented from attending to her necessary affairs and business, she was compelled to expend large sums of money in an endeavor to cure her injuries and she lost wages.

See Exhibit A - plaintiffs' Complaint Count II. paragraph 5.

9.   Based upon a fair reading of the Complaint and plaintiffs' allegations of injuries, plaintiffs have set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, is in controversy.

10.   This Notice of Removal was timely filed within thirty days of receipt of the information indicating the jurisdictional amount may be met pursuant to 28 U.S.C. §1446 (b).

11.   Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

> (a)   plaintiffs are citizens of the State of New Jersey; and
>
> (b)   defendants are not citizens of the State of New Jersey.

12.   Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

2004666-1

13.    The undersigned has been retained as counsel for defendant, Hassan Abdi Elmi, and he consents to this removal.

WHEREFORE, defendants, Hassan Abdi Elmi and J.B. Hunt Transport, Inc., prays that the above-captioned action now pending in the Superior Court of New Jersey in and for Middlesex County, Docket No. L-10184-06, be removed therefrom to This Honorable Court.

RAWLE & HENDERSON LLP

By:_____

    Jon Michael Dumont 1609
    Delia A. Clark, Esq.  6736
    Attorneys for Defendants
    40 Lake Center Executive Park
    401 Route 73 North, Suite 200
    Marlton, NJ 08053
    (856) 797-8910

Dated: January 24, 2007.

2004666-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of

Removal of Action was served via first-class mail, postage prepaid to:

George F. Hendricks
Hendricks & Hendricks
73 Patterson Street
New Brunswick, NJ 108901.


RAWLE & HENDERSON

By: _____
Delia A. Clark
Attorneys for Defendants


Dated: January 26, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| YMIN CHEN and QINGMIAN LI, | : | C.A. No. |
| Plaintiffs, | : | |
| v. | : | |
| HASSAN ABDI ELMI, J.B. HUNT | : | |
| TRANSPORT, | : | JURY TRIAL DEMANDED |
| INC., | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## DISCLOSURE STATEMENT FORM

Please check one box:

☐    The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒    The nongovernmental corporate party, J.B Hunt Transport, Inc. in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

     J.B. Hunt Transport Services, Inc.

Date:   JANUARY 24, 2007      Signature: _____

                                     Counsel for:   Defendant, J.B. Hunt Transport Inc.

2004966-1

**EXHIBIT A**

HENDRICKS & HENDRICKS
73 Patterson Street
New Brunswick, New Jersey 08901
(732) 828-7800
Attorney for Plaintiff

FILED & RECEIVED

YIMIN CHEN and QINGMIAN LI,

    Plaintiff,

vs.

HASSAN ABDI ELMI, J.B. HUNT
TRANSPORT, INC., JOHN DOES 1-10
and ABC CORPORATION 1-10,

    Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY

CIVIL ACTION

DOCKET NO.: MID-L- 10184-06

COMPLAINT AND JURY DEMAND

Plaintiffs, Yimin Chen and Qingmian Li, residing at 4405 Riddle Court, in the Township of Bridgewater, County of Somerset, and State of New Jersey, complaining of defendants, says:

### FIRST COUNT

1.    On or about August 4, 2005, the plaintiff, Yimin Chen, was lawfully operating his motor vehicle northbound on US Route 95, and stopped for toll plaza traffic in the County of New Castle, and State of Delaware.

2.    At the aforesaid time and place, the defendant, Hassan Abdi Elmi, was the operator of a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., which vehicle was proceeding in the same direction directly behind the vehicle operated by plaintiff on US Route 95 in County of New Castle, and State of Delaware.

3.    The defendant, Hassan Abdi Elmi, carelessly and negligently operated said vehicle, to wit: failed to make proper observations of traffic, thereby striking plaintiff's vehicle, thereby causing serious injuries to the plaintiff.

4.   As a result of the aforesaid carelessness and negligence of the defendant, Hassan Abdi
     Elmi, the plaintiff sustained significant and permanent personal injuries, he suffered
     great pain and will in the future continue to suffer pain, he was and will be prevented
     from attending to his necessary affairs and business, he was compelled to expend large
     sums of money in an endeavor to cure his injuries and he lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, Hassan Abdi Elmi,
for damages, together with interest and costs of suit.

## SECOND COUNT

1.  Plaintiff, Qingmian Li, repeats the allegations of the First Count and makes them a part
    hereof as though set forth at length herein.

2.  Plaintiff, Qingmian Li, was a passenger in the vehicle being lawfully operated by Plaintiff
    Yimin Chen, her husband.

3.  At the aforesaid time and place, the defendant, Hassan Abdi Elmi, was the operator of a
    motor vehicle owned by defendant, J.B. Hunt Transport, Inc., which vehicle was
    proceeding in the same direction directly behind the vehicle operated by plaintiff on US
    Route 95 in County of New Castle, and State of Delaware.

4.  The defendant, Hassan Abdi Elmi, carelessly and negligently operated said vehicle, to wit:
    failed to make proper observations of traffic, thereby striking plaintiff's vehicle, thereby
    causing serious injuries to the plaintiff.

5.  As a result of the aforesaid carelessness and negligence of the defendant, Hassan Abdi
    Elmi, the plaintiff sustained significant and permanent personal injuries, she suffered great
    pain and will in the future continue to suffer pain, she was and will be prevented from

ENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W BRUNSWICK, N.J. 08901

2

attending to her necessary affairs and business, she was compelled to expend large sums of money in an endeavor to cure her injuries and she lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, Hassan Abdi Elmi, for damages, together with interest and costs of suit.

## THIRD COUNT

1.  Plaintiffs repeat the allegations of the First and Second Counts and make them a part hereof as though set forth at length herein.

2.  The defendant, J.B. Hunt Transport, Inc., being authorized to operate and operating in the State of New Jersey, Middlesex County, was the owner of the vehicle being operated by defendant, Hassan Abdi Elmi, and it negligently entrusted the operation of said vehicle to him as its agent, servant and/or employee.

3.  As a result of the aforesaid carelessness and negligence of the defendant, J.B. Hunt Transport, Inc., the plaintiffs sustained significant and permanent personal injuries, they suffered great pain and will in the future continue to suffer pain, they were and will be prevented from attending to their necessary affairs and business, they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiffs demand judgment against the defendants, J.B. Hunt Transport, Inc. and Hassan Abdi Elmi, on this Count for damages, together with interest and costs of suit.

## FOURTH COUNT

1.  Plaintiffs repeat and realleges each and every allegation contained in the First, Second and Third Counts of the within Complaint as if fully set forth herein.

3

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W. BRUNSWICK, N.J. 08901

2.    At the aforesaid time and place, the defendants, John Does 1-10, were the
      operators of motor vehicles which were a contributory factor to the motor
      vehicle accident herein referenced.

3.    As a result of the aforesaid carelessness and negligence of the defendants, John
      Does 1-10, the plaintiffs sustained significant and permanent personal injuries,
      they suffered great pain and will in the future continue to suffer pain, they were
      and will be prevented from attending to their necessary affairs and business,
      they were compelled to expend large sums of money in an endeavor to cure their
      injuries and they lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, John Does 1-10, for
damages, together with interest and costs of suit.

### FIFTH COUNT

1.  Plaintiffs repeat and realleges each and every allegation contained in the First,
    Second, Third and Fourth Counts of the within Complaint as if fully set forth herein.

2.  At the aforesaid time and place, the defendants, ABC Corporations 1-10, were the
    owners of motor vehicles which were a contributory factor to the motor vehicle
    accident herein referenced.

3.  As a result of the aforesaid carelessness and negligence of the defendants, ABC
    Corporations 1-10, the plaintiffs sustained significant and permanent personal
    injuries, they suffered great pain and will in the future continue to suffer pain, they
    were and will be prevented from attending to their necessary affairs and business,

ENDRICKS & HENDRICKS
COUNSELLORS AT LAW
73 PATERSON STREET
W BRUNSWICK, N.J. 08901

4

they were compelled to expend large sums of money in an endeavor to cure their injuries and they lost wages.

WHEREFORE, plaintiff demands judgment against the defendant, ABC Corporations 1-10, for damages, together with interest and costs of suit.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to the best of my knowledge, information and belief, our investigation and investigation on behalf of our client(s) has disclosed no other action pending concerning the subject matter of this Complaint in any Court or Arbitration proceeding nor has it disclosed any other persons who should be added as parties to this matter. In addition, as of this date, there are no actions contemplated which relate to this matter. If additional and continuing investigation reveals contrary facts, notice will immediately be given.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all issues herein.

HENDRICKS & HENDRICKS
Attorney for Plaintiff

BY: _____

GEORGE F. HENDRICKS

Dated: December 18, 2006

HENDRICKS & HENDRICKS
COUNSELLORS AT LAW
75 PATERSON STREET
W BRUNSWICK, N.J. 08901

5

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

YIMIN CHEN and QINGMIAN LI,         :
                                            :
                  Plaintiffs,        :   CIVIL ACTION NO.:2:07-00456 (KSH)
                  v.                  :
HASSAN ABDI ELMI, J.B. HUNT      :
TRANSPORT, INC., JOHN DOES 1-10  :
and ABC CORPORATION 1-10,      :      JURY TRIAL DEMANDED
                                            :
                  Defendants.     :

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, J. B. Hunt Transport, Inc., by and through its counsel, Rawle & Henderson LLP, hereby answers plaintiffs' Complaint as follows:

### FIRST COUNT

1.      Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, plaintiff, Yimin Chen, drove a motor vehicle on US Route 95 northbound in New castle County, Delaware. The remaining averments contained in paragraph 1 of the First Count of the Complaint are denied and strict proof thereof is demanded at trial. By way of further answer, paragraph 1 of the First Count of the Complaint contains conclusions of law to which no responsive pleading is required.

2.      Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, defendant Elmi drove a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., on US Route 95 northbound in New Castle County, Delaware. The remaining averments contained in paragraph 2 of the First Count of the Complaint are denied and strict proof thereof is demanded at trial. By way of further answer, paragraph 2 of the First Count of the Complaint contains conclusions of law to which no responsive pleading is required.

3.      Denied. Answering defendant denies any negligence or carelessness and demands strict proof thereof at trial. By way of further answer, the averments contained in paragraph 3 of the First Count of the Complaint are conclusions of law to which no response is required.

4.      Denied. Answering defendant denies any negligence or carelessness and demands strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 4 of the First Count of the Complaint, and therefore, said averments are denied. By way of further answer, paragraph 4 of the First Count of the Complaint contains conclusions of law to which no response is required.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiff, Yimin Chen, dismissing plaintiff's Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>SECOND COUNT</u>

1.      Answering defendant incorporates by reference its answers to all paragraphs in the First Count of the Complaint  as though the same were set forth fully herein.

2.      Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, plaintiff, Qingmian Li, was an occupant of a motor vehicle driven by plaintiff, Yimin Chen. The remaining averment contained in paragraph 2 of the Second Count of the Complaint is a conclusion of law to which no responsive pleading is required, and therefore, said averment is denied.

3.      Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, defendant Elmi drove a motor vehicle owned by defendant, J.B. Hunt Transport, Inc., on US Route 95 northbound in New Castle County, Delaware. The remaining averments contained in paragraph 3 of the Second Count of the Complaint are denied and strict proof thereof is demanded at trial. By way of further answer, paragraph 3 of the Second Count of the Complaint contains conclusions of law to which no responsive pleading is required.

4.      Denied. Answering defendant denies any negligence or carelessness and demand strict proof thereof at trial. By way of further answer, the averments contained in paragraph 4 of the Second Count of the Complaint are conclusions of law to which no response is required.

5.      Denied. Answering defendant denies any negligence or carelessness and demand strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 5 of the Second Count of the Complaint, and therefore, said averments are denied. By way of further answer, paragraph 5 of the Second Count of the Complaint contains conclusions of law to which no response is required.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiff, Qingmian Li, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

## THIRD COUNT

1.      Answering defendant incorporates by reference its answers to all paragraphs in the First and Second Counts of the Complaint  as though the same were set forth fully herein.

2007514-1                                    3

2.      Admitted in part; denied in part. Answering defendant admits only that on August 4, 2005, defendant Elmi drove a motor vehicle owned by his employer, defendant, J.B. Hunt Transport, Inc. Answering defendant denies any negligence and demand strict proof thereof at trial. By way of further answer, paragraph 2 of the Third Count of the Complaint contains conclusions of law to which no responsive pleading is required.

3      Denied.  Answering defendant denies any negligence or carelessness and demand strict proof thereof at trial. Answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 3 of the Third Count of the Complaint, and therefore, said averments are denied. By way of further answer, paragraph 3 of the Third Count of the Complaint contains conclusions of law to which no response is required.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>FOURTH COUNT</u>

1.      Answering defendant incorporates by reference its answers to all paragraphs in the First, Second and Third Counts of the Complaint  as though the same were set forth fully herein.

2.      Denied. The averments contained in paragraph 2 of the Fourth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of further answer, this defendant has insufficient knowledge or information upon which to form a

belief as to the truth of the averments contained in paragraph 2 of the Fourth Count of the Complaint, and therefore, said averments are denied.

3. Denied. The averments contained in paragraph 3 of the Fourth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of further answer, this defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 3 of the Fourth Count of the Complaint, and therefore, said averments are denied.

WHEREFORE, answering defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

<u>FIFTH COUNT</u>

1. Answering defendant incorporates by reference its answers to all paragraphs in the First, Second, Third and Fourth Counts of the Complaint as though the same were set forth fully herein.

2. Denied. The averments contained in paragraph 2 of the Fifth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of further answer, this defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 2 of the Fifth Count of the Complaint, and therefore, said averments are denied.

3. Denied. The averments contained in paragraph 3 of the Fifth Count of the Complaint are addressed to a defendant other than answering defendant herein. By way of

further answer, this defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 3 of the Fifth Count of the Complaint, and therefore, said averments are denied.

WHEREFORE, defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering defendant did not breach any duty owed to plaintiffs.

### THIRD DEFENSE

Answering defendant avers that plaintiffs were guilty of contributory negligence.

### FOURTH DEFENSE

The injuries or damages sustained by plaintiffs, if any, were not actually or proximately caused by an act or omission on the part of the answering defendant.

### FIFTH DEFENSE

Plaintiffs' claims are barred or reduced in accordance with the applicable comparative negligence act.

### SIXTH DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by the intervening and superseding acts of third parties over whom answering defendant had no control.

### SEVENTH DEFENSE

Answering defendant, at all relevant times, acted with due care and complied with all requirements of applicable law.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of *res judicata*, collateral estoppel, waiver and/or the entire controversy doctrine.

### NINTH DEFENSE

Plaintiffs have failed to satisfy the requirements of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1-35, and pursuant thereto, plaintiffs' claims are limited or barred in their entirety.

### TENTH DEFENSE

Plaintiffs' claims are limited or barred in accordance with N.J.S.A. 39:6A-1 *et seq.* and/or any other applicable law regarding tort option selection.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWELFTH DEFENSE

Answering defendant was confronted with a sudden emergency and exercised all reasonable care under the circumstances.

### THIRTEENTH  DEFENSE

Answering defendant is entitled to a credit/set off for any expenses paid by insurance or other third parties who are claimed as damages by the plaintiffs.

### FOURTEENTH DEFENSE

Pursuant to N.J.S.A. 2A:15-59-1, answering defendant demands all reasonable counsel fees and court costs to the extent that this is a frivolous law-suit.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred under the Doctrine of Avoidable Consequences.

## SIXTEENTH DEFENSE

This Court lacks jurisdiction over this defendant by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## SEVENTEENTH DEFENSE

Answering defendant asserts all defenses available to it pursuant to the terms of the applicable No-Fault Statute.

## EIGHTEENTH DEFENSE

Answering defendant adopts and incorporates by reference as if the same were set forth at length herein, all other affirmative defenses which have been or will be asserted by any other party in this action, except those which may contain allegations of liability against this defendant, to the extent that such defenses are applicable to said defendant.

## NINETEENTH DEFENSE

This Court lacks in *personam* jurisdiction over a defendant and answering defendant reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of personal jurisdiction and because this party is an indispensable party.

WHEREFORE, defendant, J. B. Hunt Transport, Inc., demands judgment in its favor and against the plaintiffs, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by answering defendant, including attorneys' fees together with such other relief in favor of said defendant as this Honorable Court shall deem appropriate.

## RESERVATION OF DEFENSES

Answering defendant reserves the right to assert any of the defenses, objections and/or claims that are or may in the future be warranted against any and all parties presently named and/or in the future to be named in the underlying controversy.

RAWLE & HENDERSON LLP

By:_____
      Jon Michael Dumont 1609
      Delia A. Clark, Esq. 6736
      Attorneys for Defendants
      40 Lake Center Executive Park
      401 Route 73 North, Suite 200
      Marlton, NJ 08053
      (856) 797-8910
      Attorneys for Defendant,
      J.B. Hunt Transport, Inc.

Dated: February 7, 2007

**<u>CERTIFICATE OF SERVICE</u>**

It is hereby certified that a true and correct copy of the within-captioned Answer filed electronically was served electronically and via first-class mail, postage prepaid to:

George F. Hendricks
Hendricks & Hendricks
73 Patterson Street
New Brunswick, NJ 108901.


RAWLE & HENDERSON LLP


By:_____
         Jon Michael Dumont
         Delia A. Clark
         Attorneys for Defendant,
         J.B. Hunt Transport, Inc.


Dated: January 31, 2007